CROSBY *et al. v.* McDERMITT *et al.*

The law does not tolerate the payment of more than legal interest except by express agreement in writing.

Where the plaintiffs and defendants entered into a partnership, by the terms of which the plaintiffs were to advance a certain sum of money and materials for a saw-mill, which they did, and the defendants removed the materials furnished by plaintiffs, and appropriated the same, including the money, to their own use: *Held,* that the plaintiffs had a right to sue therefor at law, and for damages caused by defendant's violation of the partnership contract.

The acts of the defendant dissolved the copartnership. Even if this did not, the plaintiff would still be entitled to recover under the peculiar circumstances of the case.

Where the facts stated in the complaint are proved on the trial, and found to constitute a good cause of action, the plaintiff is entitled to judgment thereupon.

APPEAL from the District Court of the Eighth Judicial District, County of Siskiyou.

The facts of this case appear, in the opinion of the Court, with the exception that the relief granted included a dissolution of the copartnership existing between plaintiffs and defendants. Defendants, McDermitt et al., appealed.

*Smith, Hardy, and Sanders,* for Appellants.

The first assignment of error is founded upon a universally recognized principle, that one partner cannot sue his copartner at law for any debt or demand due him, nor for any wrongful act, done in the course of the copartnership. He must first file his bill in equity, and procure the dissolution of the copartnership, before he can sue for damages of any kind for any breach of contract. Nicoll *v.* Mumford, 4 Johns. Ch. 522; Pierce *v.* Jackson, 6 Mass., 242; 3 Kent, 37, 38, and cases cited; Story on Part., 221

The permitting of the witness to testify to the current rate of interest from 1854 to the date of judgment, contravened two principles of law:

1. The parties were partners, and the plaintiff had no right to charge interest to any amount for advances.

2. The plaintiffs were not in any case entitled to recover more than the legal interest, unless they had shown a contract to pay a specified sum.

The charge of the Court directing the jury to compute the interest as an item of damages, contravened both of the principles we have presented to the Court, and a third one equally plain and unmistakable.

The Court must reverse the judgment because it is impossible to so modify it as to satisfy the Court of its correctness. Gillespie v. Gillespie's heirs, 2 Bibb., 93.

*P. L. Edwards* for Respondent. No brief on file.

BURNETT, J., delivered the opinion of the Court—MURRAY, C. J., concurring.

The plaintiffs and defendants entered into a partnership for the erection and working a flouring-mill at a specified place. By the terms of the partnership, plaintiffs were to advance the sum of one thousand dollars and furnish the lumber for building the mill. This they did, and the defendants removed the lumber to another place, and there appropriated it to their own use. They also retained the money advanced, and refused to complete the contract on their part. Plaintiffs filed their complaint setting out the facts, and praying judgment for damages and costs. The answer of defendants denies the facts alleged, and also sets up affirmative matters in defence. A trial was had before a jury, and a special verdict rendered, upon which the Court gave judgment for plaintiffs, for the sum of three thousand and seventy-five dollars, and also their costs of suit. There is no statement of the evidence, and no motion for a new trial.

The defendants pleaded a former judgment between the same parties, and for the same matters, and offered in evidence the records of the proceedings, which was refused by the Court, upon the ground that such judgment was not a final judgment, and defendants excepted.

The record in the case is not before us, and we can form no judgment concerning it. We must therefore presume that the ruling of the Court below was correct. The plaintiffs then offered in evidence the verdict of the jury in that case, to the introduction of which the defendants objected; but the Court permitted it to go to the jury, and exceptions were duly taken.

This Court cannot do otherwise than hold the action of the Court below to be correct, as the record of the previous case is not before us. The plaintiffs offered to prove the current rate of interest since the date of the advance of the one thousand dollars, and the defendants objected. The Court permitted the

testimony, and it was proved that four per cent. per month was about the current rate, and defendants excepted. The Court among other things, instructed the jury that in estimating the plaintiff's damages they should compute the interest on the thousand dollars at what they believed, from the evidence, to be the current or usual rate of interest, and defendants excepted.

It is objected by defendants in this Court that one partner cannot sue another at law for any debt or demand due him, nor for any wrongful act done in the course of the partnership. But this objection does not apply in this case. The wrongful acts of the defendants dissolved the partnership. Story on Part., 272.

But whether these acts, of themselves, worked a dissolution, the plaintiffs would still be entitled to recover under the peculiar circumstances of this case. They have in their complaint stated the facts substantially found by the jury, and there can be nothing more logical and consistent than a simple statement of the facts necessary to constitute a good cause of action, and the facts, as stated and found, do constitute a good cause of action, and the Court below was bound to render judgment for the plaintiffs.

As to the objection to the instruction of the Court in reference to the current rate of interest, we think there was a legal error. The law does not tolerate the payment of more than legal interest upon money, except when there is an express written agreement, and a higher rate of interest cannot therefore be proved as a measure of damages.

As this is an equitable proceeding this Court will modify the judgment of the Court below, by deducting therefrom the difference between the interest of four per cent. per month upon the thousand dollars from the twenty-fourth day of April, 1854, until the twenty-third day of May, 1856, (the date of the judgment) and the interest upon the same sum, for the same time, at the rate of ten per cent. per annum. The clerk of this Court will make the calculation, and enter the judgment accordingly. This Court, under the circumstances of this case, will divide the costs of the appeal equally between the parties, plaintiffs and defendants.