## Z. COTTLE *v.* A. LEITCH.

DISSOLUTION OF PARTNERSHIP.—Where one partner has the management of the partnership affairs, and makes false entries in the books, and defrauds his copartner of a portion of the partnership receipts, and retains the same to his own use, the partner thus defrauded is entitled to a dissolution of the partnership and an accounting, even if the partnership was by agreement to continue for a fixed term and the term has not expired.

IDEM.—If in such a case there has been an accounting between the partners, and the partner defrauded does not discover the fraud until after the accounting, he may sue for an accounting and dissolution, and on the trial may surcharge and falsify the account, without demanding a reaccounting prior to the commencement of the action.

ACCOUNTING BETWEEN PARTNERS.—Whenever a partner is entitled to a dissolution, the taking of an account is necessary, and follows as a matter of course.

APPEAL from the District Court, Thirteenth Judicial District, Stanislaus County.

The plaintiff appealed.

The other facts are stated in the opinion of the Court.

*H. P. Barber*, for Appellant.

The Court dismissed the bill on the ground that there was no proof made of a demand for a reaccounting prior to the commencement of the suit. Where the learned Judge ever

found any authority for such a decision in an equitable action by one partner against another, stating fraud and praying a dissolution and the account necessary and incident thereto, it is difficult to say.

We had always supposed that a partner was entitled at any time to a judicial accounting, without making any demand on his partner therefor. He need no more demand an account than a dissolution; and how, after the Court had pronounced a decree of dissolution to which either party is entitled as a matter of right, (Collyer, Sec. 109,) could the partnership affairs be settled without an account incident upon the very dissolution itself, even irrespective of any question of fraud? (3 Vesey, 74; 16 Vesey, 50; 2 Van Santvoort's Eq. 167–187; Collyer on Part. Sec. 298; *Glenn* v. *Hebb*, 12 Gil. & J. 271.) It has been held that an accounting may even be had under the prayer for general relief, etc. (*Bently* v. *Cowman*, 6 Gil. & J. 152.)

It was a right which every partner enjoys, to have a judicial accounting at any time without consulting his copartner, and when to this is superadded the fact that he has discovered (or thinks he has, and so alleges) that false and fraudulent accounts have been kept by his copartner for the purpose of defrauding him, certainly it would be strange indeed if he could not come into a Court of equity and ask an honest settlement, without appealing to the integrity of a man who had thus shown himself devoid of the quality, and giving him an opportunity of more effectually endeavoring to conceal his misdeeds. When fraud is alleged an action may be brought to open the accounts and for judicial accounting thereon. (2 Van Santvoorts' Eq. Prac. 164; 1 Johns. Cases, 319.) The principles governing this matter in cases of factors and agents are well discussed in 1 Am. Lead. Cas. 694, referring to case of *Clark* v. *Moody*, 17 Mass. 145.

The allegation of request for an account which may be found in some of the common law precedents in the action of account amounts to nothing more than the " *licet sæpius*

*requisitus* " in the common law action of assumpsit. (3 Wilson, 73; *Halleck* v. *Moss*, 22 Cal. 278, 279.)

Two cases were cited by defendant's counsel on the motion: *Hudson* v. *Barrett*, Parsons' Eq. Cas. 414, and *Bushnell* v. *McCauley*, 7 Cal. 421. In the first case not a single authority as to the necessity of a demand to account is cited by either side, and the Court evidently disposed of the question in the easiest way by referring it to the partnership articles. Bushnell's case was that of principal and agent, who occupy very different positions from those of partners. It may be further fairly doubted whether that case be good law on the facts stated. (*Haas* v. *Damon*, 9 Iowa, 1 With., 589; *Power* v. *Hathaway*, 43 Barb. 214; *Albany Ins. Co.* v. *Devendorf*, 43 Barb. 444.) A special demand is not necessary to be proved. (2 Greenl. on Ev., Sec. 37.) See, also, the case of *Sturges* v. *Bush*, 5 Day, 442, where the question is directly decided.

*A. G. Stakes*, and *John B. Hall*, for Respondent.

A partner is not entitled, as a matter of right, to a decree of dissolution. Here is an agreement between the parties by which the copartnership is to continue for six years. Appellant had no power or right to dissolve the partnership.

" Whenever a stipulation is positively made that the partnership shall endure for a fixed period or a particular time or voyage, it would seem to be at once inequitable and injurious to permit any partner, at his own pleasure, to violate his engagement, and thereby to jeopard, if not sacrifice, the whole objects of the partnership." (Story on Partnership, Sec. 275.)

Even where the partnership is at will, a Court of equity will not suffer either party to exercise the privilege capriciously and arbitrarily to the injury of the other. (1 Story's Eq. Jur., Sec. 668.) It must be done under fair and reasonable circumstances, in good faith, for the indemnity and safety of the party who renounces. (*Ib.*)

What ground for a dissolution had the plaintiff with the

fraud and misconduct denied? None; and if none, under the bare denials, certainly the plaintiff's condition is not improved by the presumed total failure of his proof. Assuming that the plaintiff had proved the frauds as charged, by his own showing he was not entitled to relief by a dissolution. The very complaint itself established a copartnership for a term of six years; that the business has always been prosperous and profitable, and that he, the plaintiff, since March 19th, 1865, and thence hitherto, had been and is in the exclusive possession of the joint property, and having and exercising the sole control thereof, and of all the receipts and profits arising therefrom. Equity interposes and cancels the contract only for the purpose of indemnifying a complainant for past injury or securing him against that which is threatened and will probably result from the bad faith or gross misconduct of his copartner. This principle is undeniable. There was nothing, then, in the nature of the defendant's agency, whether for the firm or for his copartner, that imposed the legal duty of accounting on his own motion and without demand therefor. In the absence of a stipulation charging him with that obligation, the funds were rightfully in his hands in trust for the copartnership; and although they were net profits, he was guilty of no neglect or default or breach of the trust by a simple failure to divide with his partner, there being no requisition made upon him for such division. It is held to be a general rule in some of the States, in relation to all agents who collect or receive money under a lawful authority, that until a demand be made, they are not liable to a suit. (*Potter* v. *Sturges*, 1 Devereux, 79; *Hays* v. *Stone*, 7 Hill, 128, 131; 1 Am. Lead. Cas. 672, 673.)

The case of *Bushnell* v. *McCauley*, 7 Cal. 421, is well supported by the authorities cited in the opinion, and but follows the current of the decisions collated in American Leading Cases. It has stood as the law in this State for a half score of years, and as it was pronounced by the Court of the last

resort in California, it will probably withstand the unsupported doubts of counsel respecting its soundness.

The case of *Barrett* v. *Hudson,* Parson's Eq. Cases, 414, decides, by implication, as strongly as it could by the use of direct declaration, that unless there be a stipulation for periodical accounting, a partner is not subject to an action therefor, until demand made. Without such prior demand, he is not in default; and this was the condition of the defendant at bar, from March 19th, 1865, down to the filing of this bill, on the 24th of November, 1866. (See *Kane* v. *Cook,* 8 Cal. 457; *Terry* v. *Sickles,* 13 Cal. 429.)

To authorize the opening of the account strong and conclusive evidence is required, and the whole labor of proof lies upon the party who seeks such relief. (1 Story's Eq. Jur., Sec. 527; Story on Part., Sec. 349; *Wilde* v. *Jenkins,* 4 Paige's Ch. 481, 495; *Caldwell* v. *Lieber,* 7 Paige's Ch. 483, 507; *Chappedelairre* v. *Decheraux,* 4 Cr. & Ph. 306.)

By the Court, SAWYER, C. J.:

This is an action for an account and dissolution of a partnership. The plaintiff alleges a partnership in a ferry; that under an arrangement between the parties the ferry was under the exclusive management and control of defendant during a period of three years, ending March 19th, 1865; that during this period the defendant had exclusive charge of the receipts and expenditures, collected the tolls, and kept an account thereof, claiming it to be a correct account of the affairs of the firm; that at the end of three years the ferry, in pursuance of said arrangement, was surrendered to the plaintiff to manage in the same manner for an equal period of time; that the defendant at the expiration of the three years' management by him, pretended to settle with plaintiff on the basis of the accounts as kept by himself, and on said 19th of March, 1865, made an entry in said books of account in the firm name, stating that the accounts were settled to date; that plaintiff is unable to read and write, and he did

not discover that said accounts were false until after he took charge of said ferry; that since he has had charge of said ferry he has had said books critically examined by competent parties, and that he has satisfied himself, and he so avers the facts to be, that said defendant during the time he had charge of said ferry did not keep fair or correct accounts of the receipts and expenditures; but, on the contrary, that the amount of receipts entered and accounted for are much less than they really were, and that defendant has fraudulently retained to his own use large sums which belonged to plaintiff. An account and dissolution is asked. The defendant answered, denying the allegations relating to the false accounts, fraud, etc. At the trial, after the plaintiff closed his testimony, the defendant moved for a nonsuit, on the following grounds:

First—There is no proof of a demand for a reaccounting prior to the commencement of this action.

Second—The proof offered by plaintiff is insufficient to entitle him either to an opening of the account, or to surcharge and falsify the account settled between the parties prior to the commencement of the action.

Third—There is no evidence of an accounting by the plaintiff to the defendant of the copartnership affairs from March, 1865, and thence hitherto and during the time that plaintiff has had the entire control of the copartnership property.

The motion being argued and submitted was sustained by the Court on the first ground, and it overruled the same on the second and third grounds.

Conceding the truth of the fraudulent acts charged against the defendant, the complaint states a sufficient cause to entitle the plaintiff to a dissolution, even if the partnership was, by agreement, to continue for a definite fixed term. But the facts averred do not necessarily show a partnership for a fixed term. On the motion for nonsuit the defendant did not claim that the fraudulent acts charged were not proved, unless this claim is found expressed in the second ground of

the motion "that the evidence offered by plaintiff is insufficient to entitle him, either to an opening of the account, or to surcharge and falsify," etc., and on this ground the Court found against him, for the motion is expressly stated to have been overruled on that ground, and granted solely upon the ground that no demand for a reaccounting was made before an action brought. We must take it, then, on the record, as it now stands, that the charges of the complaint were established. This being so, there can be no doubt that the plaintiff was entitled to a judgment dissolving the partnership, for a party will not be compelled to continue the partnership relation with one who has deliberately perpetrated frauds upon his associates, by keeping and rendering false accounts in the partnership business, and defrauding them of their just share in the profits of the undertaking. By so doing, he violates his agreement, as well as his duty, and shows himself unworthy the confidence reposed in him when the relation was entered into. As incident to the dissolution there must necessarily be an accounting.

Whether there may, or may not, be circumstances which would require a demand upon a partner for an account to constitute a complete cause of action, it is not necessary now to decide. A demand for a reaccounting was not necessary to enable the plaintiff to maintain his action on the facts as now presented. The Court must have considered this demand necessary—a *sine qui non* to the maintenance of the action—without regard to what the evidence might be as to the other facts charged. In this we think there was error. Some authorities have been cited by respondent, but without more particularly referring to them, it is sufficient to say now, that we do not perceive their applicability to the facts as presented by the record. We see no good reason for requiring a demand for an account before suit brought, when actual fraud is the *gravamen* of the action. And whenever the plaintiff is entitled to a judgment for a dissolution, an

account is a necessary incident to the dissolution, and follows as a matter of course.

Judgment reversed and new trial ordered.

Mr. Justice RHODES expressed no opinion.