[No. 4830.]

HENRY DUBBERS v. J. E. GOUX, ADMINISTRATOR OF THE ESTATE OF A. C. CHATEAUNEUF, DECEASED, ET AL.

SUBSTITUTION OF PARTY PLAINTIFF.—The court cannot permit a person to be substituted as plaintiff, in place of the then plaintiff, on the ground that the person substituted was the real party in interest at the commencement of the action.

APPEAL from the District Court, First Judicial District, County of Santa Barbara.

Action to have the defendants declared the trustees of the plaintiff, in the ownership of certain lands, and to compel them to convey to the plaintiff. When the action was called for trial, the plaintiff offered himself as a witness. The defendant objected on the ground that he was a party against an administrator, upon a demand against the estate of the deceased, and that section eighteen hundred and eighty of the Code of Civil Procedure prohibited him from testifying. Thereupon the plaintiff filed an affidavit that when the action was commenced his wife Wilhelmina was the real party in interest, and moved that she be substituted as plaintiff. The court granted the motion. The

substituted plaintiff recovered judgment, and the defendant appealed.

*A. Packard and W. C. Stratton*, for the Appellant.

The only cases in which one party can be substituted for another are, in case of the death or any disability of a party and when the interest of a party has been transferred. (Section 385, Code of Civil Procedure.)

Amendments may be made by adding or striking out the name of any party, or by correcting a mistake in the name of a party. (Sec. 473, Code of Civil Procedure.) Section one hundred and seventy-three of the New York Code is the same as section four hundred and seventy-three of ours, and the Court of Appeals has decided that the courts are not authorized to make such a change of parties to the suit as would be effected by substituting as plaintiff a party who has a cause of action, in the place of a party who never had any. (*Davis* v. *The Mayor of N. Y.*, 4 Kern. 506, 526; *Van Duzer* v. *Howe*, 21 N. Y. (7 Smith) 531.)

*Charles E. Huse*, for the Respondent.

The substitution of the plaintiff, Wilhelmina Dubbers, in the place of her husband, Henry Dubbers, did not affect any substantial right of the defendants, and they are not, therefore, in a position to object to such substitution.

The allowance of the amendment was a matter of discretion, for the abuse of which only can the Supreme Court interfere. (*Gillan* v. *Hutchinson*, 16 Cal. 153; *Thornton* v. *Borland*, 12 Cal. 438; *Seale* v. *McLaughlin*, 28 Cal. 668.)

By the COURT:

The court erred in permitting Mrs. Dubbers to be substituted for her husband as plaintiff. It is not pretended that she had succeeded to any interest held by her husband pending the action, nor that she had any joint interest with him in the subject-matter. On the contrary she was substituted as plaintiff on the theory that she was the only party in interest at the commencement of the action, and had ever since continued to be so. She was permitted to

become the sole plaintiff, not to prosecute the same cause of action stated in the complaint, on the ground that she had succeeded to it, but another and distinct cause of action in her separate right. In effect, it was permitting her to prosecute a new suit, for another cause of action, by merely substituting her as sole plaintiff in the former action. It is scarcely necessary to say that section four hundred and seventy-three of the Code of Civil Procedure affords no warrant for such a proceeding.

Judgment reversed and cause remanded.