[No. 18144. In Bank.—March 30, 1894.]

CHARLES J. BEHLOW ET AL., RESPONDENTS, v. JACOB A. FISCHER ET AL., APPELLANTS.

PLEADING—MISJOINDER OF CAUSES OF ACTION—RESCISSION OF SALES BY PARTNER TO COPARTNER—DISSOLUTION OF COPARTNERSHIP.—A cause of action in favor of one partner for a rescission of a sale by him to a copartner, on the ground of fraud, cannot be joined in the same complaint with a separate and distinct cause of action in favor of another copartner for similar relief, neither of them being jointly interested in the property sold, and the sales not being made by the same transaction or for a single consideration, and it appearing that the rescission of the sale by either of them does not affect either of the other parties to the action; nor can these separate causes of action be properly joined in the same complaint with a cause of action for an accounting and dissolution of the copartnership.

ID.—MISJOINDER OF PARTIES—CORPORATION—RESCISSION OF TRANSFER OF
STOCK.—Where the copartnership formed a corporation to which their
mining properties were transferred, and a rescission is sought of a trans-
fer of shares of stock of the corporation, transferred to two of the plain-
tiffs as the individual property of each, the corporation has no interest
in the subject of the action, and is not a proper party in the contro-
versy between the claimants to a portion of its capital stock.

ID.—PARTNERSHIP ASSETS—CORPORATION, AGENT OF COPARTNERSHIP—
SHARES OF STOCK.—Where a corporation is formed as an agent of a co-
partnership, any unissued stock is a part of the partnership assets, but
shares of stock issued to the partners become their individual property,
and shares transferred to third parties not shown to be bound by the
partnership agreement are held by them like the stock of any other
corporation.

ID.—ACCOUNTING OF AGENCY—PARTIES.—Where the corporation is only an
agent of a partnership, it is only the partnership or some one in its
interest who would have the right to ask for an account of the agency
or for a surrender of its assets.

ID.—ACTION FOR DISSOLUTION OF PARTNERSHIP—IMPROPER PARTIES.—An
action for the dissolution of a partnership can only be brought at the
instance of a partner, and the joinder of others as plaintiffs who have
parted with all their interest in the partnership, does not give to the
court jurisdiction to determine in the same action a controversy between
them and their vendee respecting the validity of their sales.

ID.—JURISDICTION OF EQUITY—COMPLETE RELIEF—INSUFFICIENT BILL—
MULTIFARIOUSNESS.—The rule that when a court of equity has jurisdic-
tion, it will determine in one action all questions that may arise, and
will not remit the party to another tribunal, applies only when the party
seeking the relief has a standing in the court of equity upon a sufficient
bill, and when it appears that he has no such standing his bill will be
dismissed for want of equity, and if it improperly unites distinct causes
for relief it will be dismissed for multifariousness.

APPEAL from a judgment of the Superior Court of
Tuolumne County.

The facts are stated in the opinion of the court.

*Scrivner & Schell*, and *Wheaton, Kalloch & Kierce*, for
Appellants.

The incorporation of a company by the partners, and
their conveyance of the property to the corporation,
dissolved the copartnership, and therefore the corpora-
tion could not and did not act as the agent of the
copartnership. (Parsons on Partnership, sec. 385; *God-
dard* v. *Pratt*, 16 Pick. 412; *Francklyn* v. *Sprague*, 121
U. S. 215; *Wells* v. *Ellis*, 68 Cal. 243.) The fact that

Fischer was a director and president of the corporation defendant did not make him a trustee of the stock of Behlow and Long, or establish the relation of trustee and *cestui que trust* between them. (*Board of Commissioners* v. *Reynolds*, 44 Ind. 509; 15 Am. Rep. 245; *Carpenter* v. *Danforth*, 52 Barb. 581; *Gillett* v. *Bowen*, 23 Fed. Rep. 625.) There is a misjoinder of causes of action, and the demurrer should have been sustained on that ground. (Pomeroy's Remedies, secs. 479, 486; *Wells* v. *Jewett*, 11 How. Pr. 242; *Wilson* v. *Castro*, 31 Cal. 420; *Watt* v. *Wright*, 66 Cal. 202; Story's Equity Pleading, sec. 272; *Boyd* v. *Hoyt*, 5 Paige, 65; *Lewis* v. *Acker*, 11 How. Pr. 165; *Warth* v. *Radde*, 28 How. Pr. 231; *Vermeule* v. *Beck*, 15 How. Pr. 333; *Earle* v. *Scott*, 50 How. Pr. 508; *Viall* v. *Mott*, 37 Barb. 215.) There is a misjoinder of parties in the action, as neither plaintiffs nor defendants have any joint or common interest in the result of the suit. (*Foreman* v. *Boyle*, 88 Cal. 292; Code Civ. Proc., sec. 367.) Although the corporation is the trustee of the stockholders, it is nevertheless the actual owner of the legal title to its property in which the stockholders have no interest. (*Gorham* v. *Gilson*, 28 Cal. 483, 484; *Miners' Ditch Co.* v. *Zellerbach*, 37 Cal. 543; 99 Am. Dec. 300; *Wright* v. *Oroville Min. Co.*, 40 Cal. 20; *Clark* v. *San Francisco*, 53 Cal. 311; *Francklyn* v. *Sprague*, 121 U. S. 215.)

*Henry S. Foote, James L. Crittenden, Jas. C. Campbell,* and *F. W. Street,* for Respondents.

Each of the defendants is a proper and necessary party to the action. (Code Civ. Proc., secs. 379–82; Story's Equity Pleading, 9th ed., secs. 72, 76, 76 *a*.) The complaint states facts sufficient to constitute a cause of action. (See Civ. Code, secs. 2410, 2411, 2431, 2228–30, 2234–37, 2243, 1572, 1573.) The objection that several causes of the action have been improperly united in the complaint is untenable. (*Lataillade* v. *Orena,* 91 Cal. 577.) A court of equity, in matters of copartnership, will investigate in a suit for an account-

ing and dissolution, all transactions of the copartner-
ship, and of the partners between themselves. (*Bel-
loc* v. *Rogers*, 9 Cal. 130; 6 Am. & Eng. Ency. of Law,
693, note 6 and cases cited; 1 Fonblanque on Equity, 11;
1 Story's Equity Jurisprudence, secs. 70, 71; *Middletown
Bank* v. *Russ*, 3 Conn. 135; 8 Am. Dec. 164; *King* v.
*Baldwin*, 17 Johns. 384; 8 Am. Dec. 415; *Griggs* v. *Clark*,
23 Cal. 432; Daniell's Chancery Pleadings, c. 5; 2 Bates
on Partnership, secs. 930, 932, 933.) The corporation was
the mere agent of the copartnership. (*Chater* v. *S. F.
Sugar Ref. Co.*, 19 Cal. 219; *Shorb* v. *Beaudry*, 56 Cal.
446–50; *Cornell* v. *Corbin*, 64 Cal. 197–200; *Clute* v.
*Loveland*, 68 Cal. 254, 258, 259; *Kohl* v. *Lilienthal*, 81 Cal.
378, 397, 398.) A person who induces others to join him
in a partnership or other joint transaction cannot ob-
tain a secret profit out of the transaction without giving
his associates the benefit of it; an attempt to do so is
an attempt to commit fraud, and will not be allowed
to prevail. (1 Morawetz on Private Corporations, 2d
ed., sec. 293; 2 Parsons on Contracts, 7th ed., p. 942.)
Officers of corporations, as such, have no license to
commit frauds, and use their positions to the injury
of stockholders. (*Haywood* v. *The Lincoln Lumber Co.*,
64 Wis. 639; *Steeens* v. *Davison*, 18 Gratt. 819; 98 ·
Am. Dec. 692; *Featherstone* v. *Cooke*, L. R., 16 Eq. 298;
*Wayne Pike Co.* v. *Hammons*, 129 Ind. 369; Beach on
Receivers, sec. 86; 1 Morawetz on Corporations, sec.
281.) Directors of a corporation are trustees for the
stockholders. (Green's Brice's Ultra Vires, p. 477; *San
Diego* v. *San Diego etc. R. R. Co.*, 44 Cal. 106; *San Fran-
cisco etc. R. R. Co.* v. *Bee*, 48 Cal. 398; 1 Leading Cases
in Equity, p. 260; 1 Perry on Trusts, p. 230, sec. 195;
*N. P. R. Co.* v. *Kindred*, 14 Fed. Rep. 77; *Jackson* v.
*Ludeling*, 21 Wallace, 624; Angell and Ames on Corpo-
rations, 11th ed., sec. 312; *Maynard* v. *Fireman's Fund
Ins. Co.*, 34 Cal. 55; 91 Am. Dec. 672.)

HARRISON, J.—In April, 1889, William G. Long, Jacob
A. Fischer, Edward C. Loftus, and Charles J. Behlow

formed a copartnership for the purpose of purchasing
and working certain mining claims in Tuolumne county
upon certain terms agreed upon between them, and
thereafter acquired the mining properties contemplated
by their agreement.  September 1, 1889, these four part-
ners agreed among themselves to form a corporation
under the laws of this state, with a capital stock of
60,000 shares, for the purpose of carrying on the busi-
ness of the partnership under a corporate name, and
agreed that, upon the organization of the corporation,
they would divide 40,000 shares of the capital stock be-
tween themselves according to their respective interests
in the partnership, and that the remaining 20,000 shares
should be disposed of as the partnership should deter-
mine.  In pursuance of this agreement a corporation
was organized under the corporate name of The Con-
solidated Golden Gate and Sulphuret Mining and De-
velopment Company, and, on the 4th of September of
that year, the copartners conveyed to it the aforesaid
mining property; and of the 40,000 shares that the part-
ners had agreed to divide among themselves, 15,000 were
issued to Behlow, 15,000 to Fischer, 5,000 to Long, and
5,000 to Loftus.  September 12, 1889, 19,200 of the re-
maining shares were issued to Behlow in consideration
of his paying therefor the sum of $3.50 per share.  No-
vember 27, 1889, Long sold and transferred to Fischer
the 5,000 shares of the capital stock issued to him, for
the sum of $2,000; and September 12, 1890, Behlow sold
and transferred to Fischer all his interest in said co-
partnership and 22,500 shares of said capital stock for
the sum of $35,160.  It is alleged in the complaint that
these sales and transfers were made in consequence of
fraudulent acts, concealments, and representations on
the part of Fischer, and that but for such fraud they
would not have been made; that these frauds were not
discovered until November 20, 1891; that on the 4th
day of January, 1892, Behlow and Long, severally, "gave
notice of rescision, and rescinded the said sale and
transfer to Jacob A. Fischer . . . . on the ground of

fraud, and tendered and offered to return and repay to said Jacob A. Fischer the consideration received, as aforesaid, for said sale and transfer . . . . and then and there demanded of said Fischer the return and transfer of their interest in the copartnership, and the return and transfer of said shares of stock." The complaint further alleges that Fischer had sold and transferred to defendant, John Loftus, 10,000 shares of the capital stock, and had transferred other portions thereof to other persons. The complaint also alleges that, although by the agreement for the division of the 40,000 shares of the capital stock of the corporation, Behlow was to receive 20,000, and Fischer only 10,000, shares, yet Fischer, " with the intent to defraud said copartnership, and his said copartners," caused 15,000 shares to be issued to himself, although he well knew that 5,000 of said shares belonged to and should have been issued to Behlow.

The present case was commenced January 11, 1892, by Behlow, Long, Loftus, and Mariam V. Loftus; and in their complaint they ask for a judgment vacating and annulling the aforesaid purchases by Fischer, from Behlow and Long, of their interests in the copartnership, and in the shares of corporate stock transferred by them to him; that it be adjudged that Fischer received and held in trust for Behlow the 5,000 shares of the capital stock of the corporation wrongfully issued to himself, and that he assign and transfer the same to Behlow; that Fischer account and pay over to Behlow and Long all the moneys which he may have received as dividends on said stock; that an accounting of the business and affairs of said corporation be had, and that said copartnership be dissolved; and that the property standing in the name of the defendant corporation be adjudged to be the property of said copartnership. To this complaint the defendants severally demurred upon the grounds, among others, that there was therein a misjoinder of causes of action, a misjoinder of parties plaintiff, a misjoinder of parties defendant, and that it did not state facts sufficient to constitute a cause of action.

Their demurrers were overruled, and, after answering the complaint, a trial was had, and judgment rendered in favor of the plaintiffs. From this judgment the defendants have appealed, bringing up the judgment-roll alone.

The demurrer to the complaint should have been sustained. The cause of action in favor of Behlow for a rescission of the sale by him to Fischer was a matter entirely separate and distinct from the cause of action in favor of Long for similar relief. Behlow and Long were not jointly interested in the property sold, nor were the sales made by the same transaction, or for a single consideration, or to be established by the same evidence. Their ownership of an interest in the partnership, as well as of the shares of the capital stock held by them, was the individual property of each, and was capable of being disposed of at the will of each. If the sale by either of them should be rescinded, such rescission would in no respect affect either of the other parties, or either of the defendants other than Fischer. The corporation defendant has no interest in the individual ownership of its shares, and is not a proper party in a controversy between two claimants to a portion of its capital stock.

Under the allegations in the complaint, the 20,000 shares of the capital stock of the corporation which the parties agreed should remain unissued, was a part of the partnership assets. Whenever these shares were disposed of they ceased to be partnership assets, and became the individual assets of the purchaser. Hence, when Behlow purchased the 19,200 shares they became his individual property, and were removed from all control by or in the interest of the copartnership. The 5,000 shares, which he alleges were wrongfully issued by Fischer to himself out of the 20,000 to which he was entitled, was a wrong in which only Fischer and himself were interested, and neither of the other parties to this action is interested in their controversy over this wrong.

Assuming that the corporation was but an agent of

the copartnership, and that so long as the original parties to its organization were the only ones interested in its affairs, it is to be managed in accordance with their agreement for its organization, yet the shares of its capital stock which were issued to these partners became their individual property. These shares of stock represented the assets of the corporation, and the owner of any portion of these shares became thereby the equitable owner of that proportion of those assets. It does not follow that because the original owners of this stock were, as between themselves and by virtue of their agreement, interested as partners in the assets of the corporation, that every transferee of the stock was also a partner with the others. Partnership, whether mining or commercial, depends upon the intention with which the association is formed. A purchaser of the capital stock of a mining corporation does not, by the mere act of purchase, become a partner with the other stockholders; and if it be conceded that the original partners hereto formed a corporation for carrying out the object of their partnership, and that others who succeeded to their interests are bound by an agreement of that character which they subscribed to, or of which they had notice, there is no averment in the complaint which sustains this theory. The only averment by which the defendants, Martha F. Blake and Rosalia Fischer, are connected with the other parties to this action is that certain shares of the capital stock of the corporation had been transferred to them by Fischer. In the absence of any averment that there was such an agreement as we have above referred to, they must be regarded merely as stockholders in the corporation who have purchased their stock upon the faith that the assets of the corporation were its property, and that the stock held by them was capable of transfer and purchase like the stock of any other corporation. For the 19,200 shares of stock purchased from the corporation by Behlow there can be no claim that it was partnership assets, or that the transferees of Fischer to whom he sold it

were in any respect interested in his dealings with Behlow, or in any other stock which he or the other members of the partnership might hold.

The averments relative to copartnership, and the prayer for an accounting and dissolution of such copartnership, did not authorize the joinder of these causes of action in favor of Behlow and Long against Fischer, with the action for a dissolution of the partnership. The court could take jurisdiction of an action for the dissolution of the partnership only at the instance of a partner, and the joinder with Loftus of others as plaintiffs, who by their own averments had parted with all their interest in the partnership, did not give to the court jurisdiction to determine in the same action a controversy between them and their vendee respecting the validity of their sales. Until they had established their right to interfere in the management of the partnership affairs, the other partners were not liable to any action at their instance. If, as averred in the complaint, the corporation was only an agent of the partnership, it is only the partnership, or some one in its interest, who would have the right to ask for an account of its agency, or for a surrender of its assets. The rule that when a court of equity has jurisdiction of a matter it will determine in that action all questions that may arise, and will not remit the party to another tribunal, has no application. This rule applies only when the party seeking the relief shows by his bill that he has such a standing in a court of equity as entitles him to invoke the aid of the court. But when, by the averments of his complaint, it appears that he has no such standing, his bill will be dismissed for want of equity, and if it appears from his bill that the relief sought is twofold, and that the averments and proofs necessary to authorize the one are separate and distinct from those necessary to authorize the other, his bill will be dismissed for multifariousness. In the present case the relief sought by Behlow from a rescission of the sale by him to Fischer is utterly disconnected with the relief

sought under the prayer for a dissolution of the partnership. Each of these species of relief is the matter of separate and distinct averment, and dependent upon different proofs. Behlow was not authorized to join the two causes of action in the same complaint, nor had the other plaintiffs any interest in the relief which he seeks against Fischer solely. The same remarks are applicable to the joinder of the two causes of action in favor of Long.

This conclusion renders it unnecessary to determine whether the averments in the complaint are sufficient to uphold the judgment against the corporation defendant.

The judgment is reversed.

McFARLAND, J., DE HAVEN, J., and BEATTY, C. J., concurred.

PATERSON, J., and FITZGERALD, J., dissenting.—The complaint is sufficient, and the demurrer was properly overruled. The case presented is stronger than the one shown in *Shorb* v. *Beaudry*, 56 Cal. 446.

The action is one in equity for the dissolution of a copartnership, and an accounting between the copartners. All the parties are interested either in the copartnership or its assets. There is therefore no misjoinder of parties, either plaintiffs or defendants. (Pomeroy's Equity Jurisprudence, secs. 113, 114.) The fact that there are several separate and independent acts of fraud charged does not militate against the right of the parties to an adjustment of the affairs of the copartnership in which they are all interested. As the legal title to the partnership property was in the corporation, the latter was a proper and a necessary party. (*Reynolds* v. *Lincoln*, 71 Cal. 183.) We think it was proper, too, to include all the transactions under which the rights of the respective parties have accrued to one or all of plaintiffs, as against a part or all of the defendants, and growing out of partnership transactions, in order that, in closing

up the copartnership affairs, the court might do full and complete justice to each and all of the parties interested. Equity in such cases does not adjudicate piecemeal. The several charges of misconduct all grew out of the conduct of the partnership affairs, and there is therefore, in our opinion, no misjoinder of causes of action in uniting them in an equitable action in the same complaint.

Rehearing denied.