JOSEFINA GONZÁLEZ, Plaintiff and Appellee, *v.* WHITE STAR BUS LINE, INC., Defendant and Appellant.

No. 7499. Argued April 28, 1938.—Decided June 24, 1938.

*Celestino Iriarte, F. Fernández Cuyar*, and *H. González Blanes* for appellant. *Juan Lastra* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

The question to be considered and decided in the instant case is whether under the circumstances thereof, the trial court had the power to set aside its own judgment and allow the filing of an amended complaint.

Josefina González, a married woman, brought an action against the White Star Bus Line, Inc., a corporation of this island engaged in the transportation of passengers, for the recovery of $1,200, as damages suffered by reason of an accident which she attributed to the negligence of the defendant, and as a result of which her automobile was wrecked by one of the defendant's motor buses which struck it.

The defendant answered by denying generally and specifically the essential allegations of the complaint, and set up as a special defense that said complaint did not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant.

The case went to trial and the court dismissed the complaint by a judgment of February 5, 1937. It based its decision on a statement of the case and opinion which reads as follows:

"The parties have failed to submit any briefs; but upon an examination by the court of the recent jurisprudence of the Supreme Court on this matter it has found that, according to the theory laid down in the case of *Flit* v. *White Star Bus Line, Inc.*, 49 P.R.R. 139, in which a summary of the previous decisions on the same question is made, it appears that the rule of this jurisdiction is that a married woman has no cause of action to institute a suit for damages suffered by the community and that, therefore, we must sustain the demurrer on the ground of lack of sufficient facts to state a cause of action. It may be argued that said decisions are only applicable to personal injuries; but in the extensive study which is made of this question in the case of *Vázquez* v. *P. R. Railway, Light & Power Co.*, 35 P.R.R. 59, the question is settled that property acquired during matrimony is presumed to be community property until it is shown that it forms part of the separate estate of either spouse. That is the law and those are the authorities. The

complaint expressly alleges that the plaintiff is a married woman and that 'her automobile, a Chevrolet, suffered damages.' We have examined the evidence to see whether the separate character of the property had been shown; but from the testimony of the plaintiff and her husband José Avilés Rodríguez, it appears that the car was bought by her with her savings on March 29, 1936, on which date she was already married. The savings are considered community property and the automobile, even though acquired by the wife, belonged to the conjugal partnership, according to section 1301, of the Civil Code of Puerto Rico, especially the first subdivision of said section. As the injury was sustained by the community, the indemnity therefor also constitutes community property which must be claimed by the husband as the legal representative of the conjugal partnership.''

The plaintiff moved for a reconsideration of the judgment, and that she be permitted to file an amended complaint. The court heard both parties and citing section 140 of the Code of Civil Procedure and the case of *Merino* v. *City of New York Fire Ins. Co. et al.,* 35 P.R.R. 414, on February 20, 1937, it set aside its judgment and granted permission to the plaintiff to file an amended complaint; and it is from that order that the present appeal has been taken.

Did the district court have power to act as it did?

The defendant and appellant maintains that it did not, because the original complaint was fatally defective and not subject to amendment, because the amended complaint does not correct the defect existing in the original pleading; and that since the plaintiff had no right to action whatsoever, she had no right to be substituted by another party who was a stranger to the suit.

In our opinion the appellant is right.

Citing the case of *Dubbers* v. *Goux,* 51 Cal. 153, Bancroft says the following:

''...a new plaintiff may not be substituted in place of the plaintiff who brings the action, where the party sought to be substituted was the real and only party in interest at the commencement of the action.'' Bancroft's Code Pleading, vol. 1, sec. 574, p. 830.

That being so, as the conjugal partnership which was sought to be made a party to the suit was the only one with an actual interest at the time the action was brought, it is clear that the amended complaint could not be admitted. The court lacked authority to order in that manner that a suit which was without a basis and was to all legal purposes non-existent, should continue as if it had been validly instituted when the original complaint was filed.

An examination of the *Merino* case, *supra*, shows that the same is distinct. There the action had been filed by the person who really had a right to do so, and an error of law was committed on the part of his attorney which gave rise to a judgment against the plaintiff. The commission of an error of law is likewise alleged in this case on the part of plaintiff's attorney, supposedly committed when he filed the suit in her name instead of that of her husband as representative of the conjugal partnership, but what was done could not serve as the foundation upon which to base any further action. The only recourse in this case is to begin an independent action in the name of the real party in interest.

The order appealed from should therefore be reversed.

Mr. Justice De Jesús took no part in the decision of this case.