[Civ. No. 3267. Fourth Dist. Nov. 16, 1944.]

ETHEL M. HIGHSMITH, as Clerk of the District Court, etc., Respondent, v. WESLEY W. CRISTA, Appellant.

Julius J. Novack and Joseph T. Ciano for Appellant.

Edward P. Fogg for Respondent.

MARKS, J.—This is an appeal from a judgment for $960 which plaintiff recovered as due and unpaid on a judgment obtained in the District Court of Eddy County, New Mexico.

Defendant and Loraine Phillips were formerly husband and wife. They had one child, Billy Lee Crista. Loraine obtained a divorce from defendant in about 1931.

On March 17, 1936, Loraine obtained the judgment on which this action was brought and which contained the following:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED BY THE COURT that the defendant be and he is hereby ordered and directed on the first day of each month, after the entry of this decree, to pay to the Clerk of Eddy County, New Mexico, for the use and benefit of plaintiff, Loraine Phillips, in the sup-

port and maintenance of the minor child, Billy Lee Crista, the sum of Fifteen ($15.00) Dollars.''

Crista was then a resident of California, but the records of the New Mexico court show service on him in New Mexico and the judgment of that court so finds. The trial court here found that personal service in that action was had in New Mexico which is conclusive here.

Under amendments of the New Mexico statutes clerks of the District Courts have succeeded to the rights and duties of county clerks insofar as those involved in this case are concerned.

Defendant petitioned the New Mexico court for an order giving him the custody of Billy Lee Crista. After a hearing his petition was denied on the ground that he had failed to support his child and to obey the former order requiring him to pay $15 monthly for that purpose. It was further found that Loraine was not a fit and proper person to have custody and control of Billy and his custody was awarded to Iva Phillips Driver his maternal grandmother. This order made no provision for the support of the minor. It was dated July 1, 1941, but was not filed until July 15, 1941.

On October 9, 1941, Iva Phillips Driver brought an action in the Superior Court of San Bernardino County, on the judgment rendered by the New Mexico court on March 17, 1936. A demurrer was sustained with leave to amend. An amended complaint was filed in which Ethel M. Highsmith, Clerk of the District Court of Eddy County, New Mexico, appeared as plaintiff instead of Iva Phillips Driver, the original plaintiff. Defendant's demurrer to this amended complaint was overruled and after a trial plaintiff was given judgment for $1,320 which, on motion for a new trial, was reduced to $960. This appeal followed.

■ It is first argued that without an order permitting the substitution of the present plaintiff for Iva Phillips Driver, the original plaintiff, such substitution was error; that the amended complaint attempted to plead a distinct and different cause of action from that stated in the original complaint.

These arguments are disposed of adversely to the contention of defendant in the case of *Alvez* v. *Toprahanian,* 39 Cal. App.2d 126 [102 P.2d 566].

It is next argued that plaintiff has no legal capacity to maintain this action. This argument seems to be based on two theories: First, that the plaintiff acts as a mere stake-

holder in receiving the moneys ordered paid and in paying them out, and, second, that the statutes of New Mexico do not empower the clerk of the court to act in any such capacity.

The first contention is answered by the case of *Ex parte Gordan*, 95 Cal. 374 [30 P. 561]. Robert and Elka Gordan were the parents of Leah Gordan. The divorce action between them involved the custody and support of their daughter. On January 25, 1890, the trial court ordered Robert Gordan to pay $30 per month to Sarah Patek, grandmother of the child, to be used for support of the daughter Leah. The argument was made that the trial court had no authority to order the support money to be paid to a stranger to the action. The Supreme Court disposed of this argument as follows: "The order of January 25, 1890, was not a judgment in favor of a stranger. It was an order for the payment of money to an agent or officer of the court, charged with the duty of carrying its decree into effect."

If the plaintiff in the action before us was acting as an authorized agent of the court in the collection of the support money she acted in the capacity of a trustee as far as her duty to collect the payments and pay them to the proper beneficiary is concerned. That a trustee may bring an action to enable her to perform the duties imposed by the trust needs no citation of supporting authorities.

The statutes of New Mexico are not available to us and none are cited. Therefore we are not able to determine the exact powers conferred by statute on a clerk of a district court. That court is a court of record and the presumption of the regularity of its judgments comes to the support of plaintiff's right to maintain this action. While plaintiff is clerk of the court she is also an individual and we can see no objection to the appointment of an individual to carry into effect the orders of the court even though that individual happens to occupy an official position.

Defendant argues that the order of July, 1941, awarding the custody of the minor to Iva Phillips Driver and depriving his mother of that custody is a modification of the judgment of March 17, 1936; that since the July order contained no provision for the support of the minor child while in the custody of his grandmother nothing can be collected from defendant for that period. In support of this argument he cites such cases as *Lewis* v. *Lewis*, 174 Cal. 336 [163 P. 42), where it is said:

"Interpreting and applying the several provisions of the code, the decisions of this court are clear to the effect that when there has been a decree of divorce, and such decree vests the custody of the minor children in the mother, the father is under no obligation to provide for such children any support or education beyond that which may be directed by the court which has granted the divorce, either in its decree or by subsequent modification. In *Ex parte Miller*, 109 Cal. 643, 648 [42 P. 428], Temple J., in a concurring opinion, used this language: 'When a parent is deprived of the custody of his child, and, therefore, of the right to its services and earnings . . ., he is no longer liable for its support and education. This is true as a general proposition of law, and it is recognized by our code.''

Whatever may be the answer to this question in this case we do not regard it as before us at this time. The decree dated and filed March 17, 1936, directed defendant to pay $15 on the first day of each month for the support of the child. The decree awarding the custody of the minor to Mrs. Driver was filed on July 15, 1941. The first day of the month recurred sixty-four times during that period. Sixty-four times $15 is $960, the exact amount for which judgment was rendered. Therefore it does not appear that the trial court gave judgment for any amount accruing after filing the second decree which changed the custody from the mother to the grandmother. Thus we need express no opinion on this question argued by counsel.

It is true that the brother of defendant testified that he made various payments to Loraine Phillips (Crista) during the time defendant was unable to help support his child. Some of those payments were made prior to the decree of divorce. It cannot be determined how much, if anything, was paid after that time. This evidence is entirely too uncertain to raise any conflict especially in view of the failure of the answer to deny the allegations of the amended complaint to the effect that defendant had failed to pay anything on account of the judgment of the New Mexico court.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a hearing in the Supreme Court was dismissed January 10, 1945, pursuant to stipulation.