[Civ. No. 5759. Fourth Dist. Dec. 23, 1958.]

VICTOR CHATTEN, Appellant, v. JOHN MARTELL,
Respondent.

Fred J. Martino for Appellant.

John Martell, in pro. per., and Z. B. West for Respondent.

GRIFFIN, P. J.—To a second amended complaint to cancel documents, to impose a constructive trust, and for an accounting, the trial court sustained a general demurrer without leave to amend. This appeal is from the judgment for defendant which followed.

The original complaint was filed on *August 1, 1956,* by plaintiff, O. D. Thomas to cancel a partnership agreement between Thomas and defendant John Martell for the development and sale of land in San Bernardino County, to cancel a deed from Thomas to Martell of a partnership interest in section 33, township 1, north range 5 East, S. B. M. in that county, for imposition of a constructive trust covering sections 27, 29, 31 and 33 in said township and range, for dissolution of the partnership between them, and for an accounting.

It alleged generally that on April 4, 1952, he and defendant Martell entered into an oral partnership agreement, and pursuant thereto plaintiff Thomas conveyed certain real property to the partnership; that he received no consideration therefor; that defendant at the time was acting as plaintiff's attorney; that defendant Martell orally represented and assured plaintiff that if he, the said plaintiff, would deed said

land to the partnership, defendant Martell "would procure sufficient monies to assist and aid plaintiff in not only selling and subdividing said land but also sufficient monies to assist and aid plaintiff in paying his encumbrances and debts so that plaintiff could maintain his interest in all of plaintiffs' properties"; that defendant "took advantage of the close and intimate relations with plaintiff and made said promises and assurances with no intention of performing the same"; that he failed, refused and neglected to perform any of said promises; that by reason of said defendant's "failure to perform his assurances and promises" plaintiff's creditors sold plaintiff's properties, including the real property conveyed to the partnership; and that "after said sale, defendant John Martell procured from the creditors of the plaintiff a conveyance directly to the defendants John Martell and Thelma K. Martell, for their own interest, the property theretofore owned by plaintiff." Plaintiff further alleged in the same cause of action that he and defendant Martell were the owners of an option to acquire certain real property for the sum of $10,000; "that shortly before the option was to expire defendant John Martell assured and orally stated to plaintiff, not to worry, and that he, the said defendant, would obtain monies for the purchase of said properties before the expiration of said option"; that defendant Martell made arrangements with "Defendants Does I Through IV" to purchase the properties described in the option in their own names and for their own interests and "conspired with said defendant John Martell to deprive plaintiff of the benefits of said option"; that said defendants Does I through IV, converted and appropriated the option to their own use and benefit and "took unjust advantage of the confidential relationship of defendant John Martell and plaintiff"; that said defendants, Does I through IV, paid to defendant Martell "sums of money" and that the said defendant retains and refuses to account therefor to plaintiff.

Plaintiff, in his second cause of action, seeks a partnership accounting. He failed to allege the continued existence of said partnership and failed to allege that he was a partner at the time suit was filed. He prayed "that the conveyance to the partnership be set aside" and that the partnership agreement be annulled, and for a "partnership accounting." The complaint was verified by O. D. Thomas on *July 30, 1956.* Thomas died on November 3, 1956. Without notice, Victor Chatten was substituted as plaintiff upon the facts alleged in

paragraph XV of plaintiff Chatten's first amended complaint, and realleged in paragraph XIII of plaintiff Chatten's second amended complaint, namely,

"That on or about *July 3, 1956*, the said O. D. Thomas duly assigned to the plaintiff, by an instrument in writing, signed and delivered by him to plaintiff, *all rights of action* accrued against the defendant John Martell, including all interest in and to the properties herein listed, for his right to damages therefor and the value thereof by reason of the acts of the defendants, and that plaintiff is now the owner and holder of said claims and properties.'' (Italics ours.)

These first and second amended complaints were unverified and contained two causes of action substantially the same as the original complaint of O. D. Thomas. Defendant Martell moved to strike the first amended complaint upon the following grounds: (a) that the amended complaint set up a cause of action foreign to the original cause of action; (b) the order of substitution should have been made upon notice to defendant; (c) the substituted plaintiff had no standing in court. He also moved to dismiss the action on the grounds (a) that the court did not have jurisdiction over the subject matter of said action; (b) that O. D. Thomas, plaintiff, with full knowledge of the facts, on October 4, 1954, conveyed his interest in and to the partnership and the real property referred to in plaintiff's complaint, to Victor Chatten and Louise Chatten; (c) that Thomas, with full knowledge of the circumstances which would warrant rescission upon the alleged ground of fraud, accepted and retained the benefits accruing to him under the partnership agreement by disposing of his interest therein, and by reason thereof had lost his right to rescind said partnership agreement; (d) that at the time of filing his complaint, plaintiff O. D. Thomas had conveyed his interest in and to the real property described in his complaint, and had assigned his interest in the partnership, and had no interest in said partnership or real property; and that he was not the real party in interest.

In support of the motion to dismiss, defendant Martell filed his affidavit, in which he alleged that on October 4, 1954, plaintiff Thomas and Mary H. Barnett Thomas, his wife, had assigned all their right, title, and interest in and to the partnership existing between Thomas and Martell, and had conveyed by deed all the real property involved in this action, including partnership real property, to Victor Chatten and Louise Chatten (giving the book and page number and date

of recordation). A photostatic copy of said deed and assignment was attached to said affidavit, and is included in the clerk's transcript. Cancelled internal revenue stamps affixed to said deed indicate the consideration therefor was $5,000.

Motions to strike and dismiss the first amended complaint on the grounds stated were denied and a demurrer thereto on the same grounds was sustained with leave to amend. A demurrer to the second amended complaint contained about the same allegations as the first, but in more particularity. It was sustained without leave to amend.

In support of the court's ruling defendant makes the same contentions advanced in the demurrer and motion to strike and argues that a suit for dissolution of a partnership can only be brought by a partner, citing *Behlow* v. *Fischer*, 102 Cal. 208 [36 P. 509] ; and Corporations Code, section 15022; that if one partner sells his interest in the firm to a stranger, the right to the control and disposition of the firm assets vests in the remaining partner; that the sale does not dissolve the partnership; and that the buyer is not entitled to interfere in the management or administration of the partnership business or affairs or to require any information or account of partnership transactions or to inspect partnership books, but is merely entitled to receive, in accordance with his contract, the profits to which the selling partner would otherwise be entitled, citing Corporations Code, section 15027; and *Mervyn Inv. Co.* v. *Biber*, 184 Cal. 637, 644 [194 P. 1037] ; that the court cannot permit a person to be substituted as plaintiff in place of the then plaintiff on the ground that the person substituted was the real party in interest at the commencement of the action, citing *Dubbers* v. *Goux*, 51 Cal. 153; *Altpeter* v. *Postal Telegraph-Cable Co.*, 26 Cal.App. 705, 708 [148 P. 241] ; and 149 A.L.R. 848, 849; that after an absolute assignment, the assignor has no cause of action upon the claim assigned, citing *Burkett* v. *Doty*, 176 Cal. 89 [167 P. 518] ; *National Reserve Co.* v. *Metropolitan Trust Co.*, 17 Cal.2d 827, 832 [112 P.2d 598] ; that in order to rescind a partnership contract on the ground of fraud, it is essential to tender to the other party anything of value received under the contract, citing 37 California Jurisprudence 2d 684, section 80; that where the gravamen of an action for rescission or cancellation involves fraud or mistake the three-year statute relating to those grounds is applicable, citing 9 California Jurisprudence 2d 587, section 34; Code of Civil Pro-

cedure, section 338, subdivision 4; that one partner cannot maintain an action against his copartner for the delivery of personal property belonging to the partnership, citing *Dukes* v. *Kellogg*, 127 Cal. 563 [60 P. 44]; and that a grantor cannot claim a trust results in himself when he has executed a deed without consideration, citing *Tillaux* v. *Tillaux*, 115 Cal. 663 [47 P. 691].

Which reason or reasons the court adopted for sustaining the demurrer without leave to amend is not indicated. Plaintiff now says the question involved on appeal is whether the court erred in holding that the fraud complained of in plaintiff's second amended complaint could only properly be determined by a suit for an accounting and dissolution of the partnership between the defendant John Martell and the estate of O. D. Thomas, the original partner, rather than his assignee and purchaser, Victor Chatten, even though the assignment was executed prior to the death of the original defrauded partner. He cites the general rule of law that one partner may not sue another partner at law on account of partnership transactions and that all such matters between them must be determined in connection with an accounting and dissolution, and that there is a well-recognized exception permitting a suit for fraud exercised by one party upon the other, independent of any accounting or dissolution, citing *Johnstone* v. *Morris*, 210 Cal. 580 [292 P. 970]; and *Laughlin* v. *Haberfelde*, 72 Cal.App.2d 780 [165 P.2d 544]. He claims that even though the court did recognize this rule, it erred in holding that the action could only be brought by the estate of the original partner, Thomas, since an assignee may be substituted as a party plaintiff in place of the assignor, citing *Macmillan Petroleum Corp.* v. *Griffin*, 99 Cal.App.2d 523 [222 P.2d 69]; *Highsmith* v. *Crista*, 66 Cal.App.2d 808 [153 P.2d 180]; *Potts* v. *Paxton*, 171 Cal. 493, 499 [153 P. 957]; *Jackson* v. *Deauville Holding Co.*, 219 Cal. 498 [27 P.2d 643]; and sections 15027 and 15032 of the Corporations Code. It is then argued that since the original plaintiff has assigned his rights to plaintiff, Victor Chatten, the cause of action for accounting, dissolution and fraud is now the property of the assignee and he should be permitted to have his day in court.

An assignee of a partnership is entitled to those remedies for settlement of partnership affairs that existed in favor of his assignor unless otherwise provided by law. (*Hooper* v. *Barranti*, 81 Cal.App.2d 570 [184 P.2d 688]; 37 Cal.Jur.2d 681, § 79.) Section 15027, subdivisions 1 and

2 of the Corporations Code provides: "(1) A conveyance by a partner of his interest in the partnership does not of itself dissolve the partnership, nor, as against the other partners in the absence of agreement, entitle the assignee, during the continuance of the partnership, to interfere in the management or administration of the partnership business or affairs, or to require any information or account of partnership transactions, or to inspect the partnership books; but it merely entitles the assignee to receive in accordance with his contract the profits to which the assigning partner would otherwise be entitled. (2) In case of a dissolution of the partnership, the assignee is entitled to receive his assignor's interest and may require an account from the date only of the last account agreed to by all the partners."

█ The general rule stated in 68 Corpus Juris Secundum 852, section 346, is that a sale, conveyance, transfer or assignment by a partner of his interest in the partnership or in the partnership property to a copartner or to a third person does not of itself dissolve the partnership, although the entire circumstances connected with such a transfer may be sufficient to bring about the dissolution. A dissolution of a partnership may be brought about, unless otherwise provided by agreement, by the sale or assignment of a partner's interest to a third person, citing authorities, including *Firpo* v. *Piper*, 111 Cal.App. 403 [295 P. 886].

Under section 2450 of the Civil Code as it existed in 1925, a general partnership was dissolved as to all the partners by the transfer to a person, not a partner, of the interest of any partner in the partnership property. As a general rule, in jurisdictions where the Uniform Partnership Act has been adopted and where the partnership is one at will, any partner may, in good faith, dissolve it at any time, without the consent of his copartner, upon notice. (68 C.J.S. p. 841, § 330 et seq.)

█ Misconduct of a partner to the extent that it is injurious to the partnership, constitutes grounds for judicial dissolution of a partnership. (68 C.J.S. 856, § 349.) █ Ordinarily, the purchaser or assignee of a partner's interest is entitled to a partnership accounting subject to certain qualifications. (68 C.J.S. 894, § 382.) █ It is likewise true that in determining what rights or interests pass under an assignment, the intention of the parties as manifested in the instrument is controlling. █ An unqualified assignment of a contract or chose in action, however, with no indication of the intent of the parties, vests in the assignee the assigned con-

tract or chose and all rights and remedies incidental thereto. These incidental rights include certain ancillary causes of action arising out of the subject of the assignment and accruing before the assignment is made. Thus, the assignment of a contract passes from an assignor to the assignee an accrued cause of action for rescission. (*National Reserve Co.* v. *Metropolitan Trust Co.*, 17 Cal.2d 827, 832 [112 P.2d 598].)

 Under the original complaint filed herein, the partner, O. D. Thomas, alleged that his partner wrongfully applied partnership money and profits to his own use, and committed certain alleged fraudulent acts in connection therewith. He sought a decree of dissolution, accounting, and other relief indicated. As a partner, he may well have been entitled to dissolution of the partnership, an accounting, and the other relief sought. (Corp. Code, §§ 15022, 15031, 15032 and 15043; *Crosby* v. *McDermitt*, 7 Cal. 146; *Cottle* v. *Leitch*, 35 Cal. 434.)

Assuming these rights were assignable and enforceable by the assignee (*Jackson* v. *Deauville Holding Co.*, 219 Cal. 498 [27 P.2d 643]), the next question is whether plaintiff Chatten, assignee, could be and was properly substituted as party plaintiff in said action. As far as the original plaintiff's complaint was concerned it did not, at the time of its filing, affirmatively appear therefrom that he had assigned all of his right, title and interest in or to the partnership and its assets as well as to the claimed causes of action pleaded. Apparently this claimed fact was called to the attention of the trial court when defendant's demurrer to the original complaint was interposed. The record before us, in this respect, is not clear. The minutes of January 14, 1957, show an order for the substitution of Victor Chatten as party plaintiff, and the court ordered an amended complaint to be filed accordingly. Such amended complaint was filed by Chatten as party plaintiff, setting forth about the same claimed causes of action but with more particularity, and defendant was served with a copy of said amended complaint. There is authority to the effect that under Code of Civil Procedure, sections 385 and 473 [1875], the court could not permit a person to be substituted as plaintiff in place of the then plaintiff, on the ground that the person substituted was the real party in interest at the commencement of the action where another and different cause of action was set up in the amendment. (*Dubbers* v. *Goux*, 51 Cal. 153.) A partner who has parted with his interest cannot join in an action for dissolution of a partnership of which he has ceased to be a member. (*Behlow* v.

*Fischer*, 102 Cal. 208 [36 P. 509]; *Loftus* v. *Fischer*, 114 Cal. 131 [45 P. 1058].) ██ Section 367 of the Code of Civil Procedure provides that "Every action must be prosecuted in the name of the real party in interest, except as provided" in section 369 of the Code of Civil Procedure. Apparently the effect of the former decisions above mentioned, and the application of section 473 of the Code of Civil Procedure in reference to the substitution of parties plaintiff has been set at rest by the decision in *Klopstock* v. *Superior Court*, 17 Cal.2d 13, 19 [108 P.2d 906, 135 A.L.R. 318]. It is there said, in effect, that it was within the discretionary power of the trial court to permit the amendment of the complaint, which, in effect, substituted the proper plaintiff in the action; that this statutory provision giving the courts the power to permit amendments in furtherance of justice has received a very liberal interpretation by the courts of this state; and that this position is clearly in accord with the modern theories of code pleading, which would permit amendment in the discretion of the court *unless an attempt is made to present an entirely different set of facts by way of the amendment.* It then stated that the court's power to permit amendments of pleadings is not unlimited; that it has generally been said that an amendment may not be permitted where the effect of such amendment is to state "another and distinct cause of action," citing *Dubbers* v. *Goux*, 51 Cal. 153, 155. To the same effect is 39 American Jurisprudence page 966, § 98, citing the Klopstock case. The facts in the instant case appear to come within the rule announced in the Klopstock case, since there was no material change in the cause of action pleaded. ██ In substituting parties plaintiff, while it is better practice to give notice, there is no requirement that notice of application for substitution under secton 473, *supra,* be given. (*Macmillan Petroleum Corp.* v. *Griffin,* 99 Cal.App.2d 523 [222 P.2d 69]; *Highsmith* v. *Crista,* 66 Cal.App.2d 808 [153 P.2d 180].)

The claimed defense of estoppel, laches, the application of the statute of limitations which would bar a recovery, together with the other claimed defenses, do not affirmatively appear upon the face of the second amended complaint.

We conclude that the trial court erred in sustaining the demurrer without leave to amend.

Judgment reversed.

Mussell, J., and Shepard, J., concurred.