MARGARITA VERE DE GARCÉS, Petitioner, *v.* DISTRICT COURT OF SAN JUAN, HON. PABLO BERGA, Judge, Respondent.

No. 1145. Argued July 19, 1938.—Decided February 10, 1939.

*Diego Guerrero Noble* for petitioner.   *Angel M. Torres* and *A. Ortiz Toro* for plaintiff in the original action.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

The mercantile firm Diego Portalatín & Co., S. en C., brought suit in the Municipal Court of San Juan, First Section, against Margarita Vere de Garcés to collect $53.45. The defendant answered denying each and every allegation of the complaint. After the suit was called for trial, as it is stated in the narrative of the judge appearing in the judgment, ". . . the defendant filed an oral demurrer on the ground of misjoinder of parties defendant because the defendant in the case and her husband should have been joined, as it appeared from the oral evidence offered by both parties." The demurrer was sustained and the complaint dismissed.

A few days later the plaintiff moved the municipal court to reconsider its judgment, attaching to its petition an amended complaint including as party defendant the husband of the original defendant. Margarita Vere de Garcés objected on the ground that the amended complaint tended to establish a new cause of action, and the court, invoking the case of *Flit de Vázquez* v. *White Star Bus Line, Inc.*, 50 P.R.R. ——, denied the reconsideration.

The plaintiff appealed to the district court and raising there again the same question, it was decided in favor of the plaintiff.

The defendant moved for a reconsideration alleging:

"That said order is based on the ground that the error in the complaint is a 'defect of parties defendant' which, according to the court, can be cured by filing an amended complaint.

"That the defendant feels aggrieved with the decision of this Hon. Court and prays for a reconsideration of its judgment of June 1, 1938, and a reversal thereof on the grounds afforded by the decisions of our Supreme Court in the cases of *Vázquez v. Valdés,* 28 P.R.R. 431; *Melón Hnos. & Co., S. en C. v. R. Muñiz de León,* 47 P.R.R.——; *Flit v. White Star Bus Line, Inc.,* 50 P.R.R.——."

The court denied it thus:

"The defendant Margarita Vere de Garcés prays us to reconsider our order of June 1, 1938, by which we allowed the plaintiff to amend its complaint to include Gregorio Garcés, husband of the former and head of the conjugal partnership, as party defendant. It was the wife who purchased for herself, her children and her husband, the merchandise for the price of which this action is being prosecuted, and she is an interested party to the action, though not a necessary one. The defect of the original complaint in not including the husband may be cured through an amended complaint, without need to establish a separate action.

"The defendant cites the cases of *Vázquez v. Valdés,* 28 P.R.R. 431; *Melón Hnos. & Co. S. en C. v. Muñiz de León,* 47 P.R.R. ——; *Flit v. White Star Bus Line, Inc.,* 50 P.R.R. ——.

"The case of *Vázquez v. Valdés et al.,* was for damages caused to the wife of the plaintiff, who appeared with her husband, but the right of action belonged to the community and it was properly dismissed. In this case it was stated that the wife was a proper but not a necessary party.

"The case of *Melón Hnos. & Co. v. R. Muñiz de León* was one in which in an action against a natural person property of a judicial entity was attached, and thereafter the complaint was amended to correct a mistake in the name of the party defendant, and it was alleged that it was legally incorrect because it amounted to substituting the only party defendant for another one.

"And the case of *Flit v. White Star Bus Line, Inc.,* is like *Vázquez v. Valdés.*

"The motion for reconsideration is denied."

It was then that the defendant, Margarita Vere de Garcés, filed a petition in certiorari in this Supreme Court. After the preliminary writ was issued, the judge of the trial court answered by remitting the original record which we have taken as basis for the preceding statement of the case.

The ultimate question involved is the following. Where a person against whom no right of action exists is sued, can the complaint be amended so as to bring into the suit the person against whom the right of action exercised exists, or is it necessary to institute an independent action?

In other words. In the instant case an action for money had and received was filed against a married woman in a municipal court. She alleged that no right of action existed against her and the court properly so held because it was a debt of the conjugal partnership. After judgment was rendered dismissing the complaint on that ground, the court was moved to admit an amended complaint joining the original defendant and her husband, that is, against the members of the conjugal partnership, and stating that the merchandise that gave rise to the claim had been purchased by defendant Vere in the store of the plaintiff "for herself, her husband and her children." The municipal court upheld its judgment but on appeal to the district court, the latter allowed the amended complaint.

Could it be done? Not in our opinion.

In the case of *Vázquez* v. *Valdés et al.*, 28 P.R.R. 431, this Court held:

"Inasmuch as in defining what is the separate property of the spouses section 1314 of the Civil Code does not include a right of action for injuries, that right is necessarily community property; therefore a complaint in an action to recover such damages brought by the wife alone and not by the conjugal partnership does not state a cause of action and the rule is not changed by the fact that the husband was joined as a party."

In the case of *Flit* v. *White Star Bus Line, Inc.*, 49 P.R.R. ——, and 50 P.R.R. ——, the doctrine was again affirmed

and it was held that the mistake did not amount to misjoinder of parties but to want of a right of action.

And lately in the case of *González* v. *White Star, Bus Line, Inc.*, 53 P.R.R. ——, discussing the field of amendments, it was stated:

"The plaintiff moved this court to reconsider its judgment and asked for permission to file an amended complaint. The court heard both parties and, citing section 140 of the Code of Civil Procedure and the case of *Merino* v. *City of New York Fine Ins. Co.*, 35 P.R.R. 414, on February 20, 1937, vacated its judgment and granted permission to file an amended complaint, and it was from that order of the court that the instant appeal was taken.

"Was the court empowered to do such a thing in the manner it was done?

"The defendant-appellant maintains that it was not because the original complaint was fatally defective and could not be amended, inasmuch as the amended complaint does not correct the original mistake, and also because inasmuch as the original plaintiff did not have a cause of action said cause of action could not have arisen by substituting her for another party alien to the suit. And she is correct in our opinion.

"Citing the case of *Dubbers* v. *Goux*, 51 Cal. 153, Bancroft states that:

" ' . . . a new plaintiff may not be substituted in place of the plaintiff who brings the action, where the party sought to be substituted was the real and only party in interest at the commencement of the action.' (Bancroft's Code Pleading, Vol. 1, sec. 574, page 830.)

"It being so, as the conjugal partnership that they tried to make a party to the suit was the only one with an actual interest at the time action was brought, it is clear that the amended complaint could not have been admitted. The court lacked authority to order in such a manner that a suit that fell from its own base, which was to all legal purposes inexistent, should continue as if it had been validly instituted when the original complaint was filed."

Herein the plaintiff had a right of action but not against the person it was exercised, hence, in our opinion, the complaint could not be addressed for the first time against the real party defendant, as it was attempted, that is, against the conjugal partnership, even though the original defendant

were a member of that partnership, because in spite of it, the truth is that the conjugal partnership is a juridical entity different from its members. Although we are dealing here with parties defendant and the cases cited deal with parties plaintiff, the principle involved is the same. "Courts have no power to allow an amendment to a complaint with the purpose not to correct a misnomer but to substitute the only party defendant for another entirely different", this court held in the case of *Melón Hnos. & Co., S. en C.* v. *R. Muñiz de León,* 47 P.R.R. ——.

The rule in cases of amendments to bring in new parties plaintiff or defendant has been clearly set forth by Bancroft, as follows:

"Although the court may in furtherance of justice, and on such terms as may be proper, amend any pleading by adding to, or striking out, parties, it is a general rule that an entire change of parties plaintiff or defendant cannot be thereby made. A substitution of parties which involves a change in the cause of action will not ordinarily be allowed. For example, a new plaintiff may not be substituted in place of the plaintiff who brings the action, where the party sought to be substituted was the real and only party in interest at the commencement of the action. Nor can a different defendant be substituted for the defendant originally sued where there is no joint or privity of interest." 1 Bancroft's Code Pleading, pages 830 and 831.

What has made us doubt of the scope of our conclusion is the undeniable connection existing between the defendant wife and the conjugal partnership of which she is a member, but that doubt vanishes upon applying the doctrine established by the cases of Vázquez, Flit and González, supra.

For the reasons stated the order of the District Court of San Juan of June 1, 1938, complained of by petitioner, which admitted the amended complaint, is annulled, and the case is remanded to the district court for further proceedings.

Mr. Chief Justice Del Toro took no part in the decision of this case.

Mr. Justice Wolf concurred.