[Sac. No. 6.    Department Two.—September 1, 1896.]

E. C. LOFTUS ET AL., RESPONDENTS, v. JACOB A. FISCHER ET AL., RESPONDENTS. CHARLES J. BEHLOW, INTERVENOR, APPELLANT.

ACTION TO DISSOLVE PARTNERSHIP BETWEEN CORPORATORS—FRAUD AS TO STOCK — INTERVENTION — DISMISSAL OF INTERVENOR'S COMPLAINT — RESCISSION OF SALE OF STOCK.—In an action for a dissolution of a co-partnership, between persons who are alleged to have formed a corporation to conduct the affairs of the partnership, under an agreement between the partners that their interests in the copartnership should be represented by shares of stock in the corporation, where the plaintiffs alleged that the defendant, in fraud of the plaintiffs, unlawfully caused their stock to be issued in the names of another person, and afterward fraudulently obtained their stock from such person, a complaint in intervention by such person, which neither joins with the plaintiff in claiming what is sought by the complaint, nor with the defendant in resisting the demands of the plaintiffs, but which merely pleads an individual cause of action in his own right against the defendant, for a rescission of executed contracts for the sale of other stock to the defendant, in which plaintiffs have no interest, and for a recovery to the intervenor of the stock so sold, and which shows on its face that the intervenor, by the transfer of all of his stock to the defendant, has ceased to be a member of the alleged copartnership, states no ground of intervention in the action to dissolve the partnership, and is properly dismissed.

APPEAL—COSTS OF CLERK'S CERTIFICATION—AFFIRMANCE OF JUDGMENT.— The costs of appellant in procuring the clerk's certification to the transcript, upon failure of the respondent to join in a stipulation to its correctness, cannot be taken against the respondent, where the judgment appealed from is affirmed.

APPEAL from a judgment of the Superior Court of Tuolumne County dismissing a complaint in intervention.   G. W. NICOL, Judge.

The facts are stated in the opinion of the court.

*Henry S. Foote*, for Appellant.

Appellant's interest was such as entitled him to intervene. (Code Civ. Proc., sec. 387; *Horn* v. *Volcano Water Co.*, 13 Cal. 62; 73 Am. Dec. 569; *Gasquet* v. *Johnson*, 1 La. 431; *Coffey* v. *Greenfield*, 55 Cal. 382; *Stich* v. *Dickinson*, 38 Cal. 608; Story's Equity Pleading, 9th ed., 153; *Spanagel* v. *Reay*, 47 Cal. 608; *People* v. *Pfeiffer*, 59 Cal. 90; *Poehlmann* v. *Kennedy*, 48 Cal. 201; Pomeroy's Remedies and Remedial Rights, 2d ed., secs. 365, 378, 411, 416, 418, 419; *Whitwell* v. *Barbier*, 7 Cal. 57; *Kirk* v. *Reynolds*, 12 Cal 99; *Tillson* v. *Ford*, 53 Cal. 701; *Murdock* v. *Brooks*, 38 Cal. 596.)   Behlow, even as a former member of the partnership, should be a party to the action, and has an interest in an accounting, and by reason of his lien. (*Settembre* v. *Putnam*, 30 Cal. 490; *Gray* v. *Palmer*, 9 Cal. 616; *Blood* v. *Fairbanks*, 48 Cal. 171; 50 Cal. 420; *Louisiana Board of Trustees* v. *Dupuy*, 31 La. Ann. 305; Story's Equity Pleading, 5th ed., sec. 219; 9th ed., secs. 130, 137, 167, 218; Code Civ. Proc., sec. 389; *Williams* v. *Bankhead*, 19 Wall. 571.) Behlow has never lost his title to his stock which represented his interest in the partnership property. (1 Hilliard on Torts, 4th ed., 69; *Woodworth* v. *Kissam*, 15 Johns. 186; *Cary* v. *Hotaling*, 1 Hill, 311; 37 Am. Dec. 323, and cases cited; *Nudd* v. *Burrows*, 91 U. S. 440; 1 Story's Equity Jurisprudence, sec. 252.)

*Wheaton, Kalloch & Kierce*, for Respondents, Jacob A. Fischer, Samuel A. Fischer, Martha F. Blake, Rozalia Fischer and the Consolidated Golden Gate and Sulphuret Mining and Development Company.

Behlow having parted with his partnership interest cannot join in an action for the dissolution of a co-

partnership of which he has ceased to be a member. (*Behlow* v. *Fischer*, 102 Cal. 208.) His complaint did not bring him within the provisions of section 387 of the Code of Civil Procedure, and it was properly dismissed for this reason outside of the questions raised by the demurrer. (*Rosecrans* v. *Ellsworth*, 52 Cal. 509.)

*John F. Rooney*, for Respondent John Loftus.

*Estee & Miller*, and *Reddy, Campbell & Metson*, for Respondent W. G. Long.

*James L. Crittenden*, and *F. W. Street*, for Plaintiffs, Respondents.

HENSHAW, J.—This is an appeal by Behlow from the judgment dismissing his complaint in intervention in the above-entitled action.

In the original complaint he, with others, appeared as a plaintiff. Upon appeal to this court it was held that defendant's demurrer to the complaint for misjoinder of parties, and improper joinder of causes of action, was well taken. (*Behlow* v. *Fischer*, 102 Cal. 208.) Upon the return of the cause to the trial court an amended complaint was filed, which omitted Behlow and other parties as plaintiffs, leaving the action to be prosecuted solely in the name of Loftus and his wife. In all other respects pertinent to this consideration the amended complaint was the same as the original. It contained the same averments of partnership, and the formation of the corporation to conduct its affairs. It averred that by agreement amongst the partners, their interests in the copartnership should be represented by certain shares of stock to them issued. Then follow the same averments of fraud practiced by Fischer upon Behlow and Long, by which it is asserted Fischer succeeded in purchasing from them their stock in the corporation. In short, with the omission of the parties plaintiff above noted, the amended complaint is, for all essential purposes, the same as the original, which was reviewed in

the 102d volume of our reports. None of the matters
of fraud therein contained, and charged to have injured
Long and Behlow, appears in any way to concern the
interests or rights of the remaining plaintiffs. Their
complaint is still for a dissolution of the copartnership.
Whether or not Fischer has fraudulently acquired prop-
erty of Behlow and Long is clearly of no concern to
them.

Upon the filing of the amended complaint Behlow
disappeared from the case as a plaintiff, but shortly
after appeared again as an intervenor. His complaint
in intervention is for the most part an exact transcript
of the amended complaint. With the exceptions now
to be noticed it is identical with that pleading. The
first point of difference is this: The amended complaint
charges that Fischer, in fraud of the plaintiffs Loftus,
unlawfully caused to be issued to Behlow 19,200 shares
of the stock, which afterward, and as a part of his de-
sign, Fischer fraudulently obtained from Behlow. The
complaint in intervention is silent upon this, for Beh-
low's contention is that the stock was rightfully issued to
him, but was fraudulently obtained from him by
Fischer.

The complaint in intervention charges, as does the
amended complaint, that Fischer purchased Long's five
thousand shares through fraud, and still holds them.
But the complaint in intervention in this regard goes
further than the amended complaint. Behlow pleads
additionally that Long for a valuable consideration has
sold to him " the said part of his interest in said co-
partnership, represented by five thousand shares so
fraudulently purchased as aforesaid by Jacob A.
Fischer." This allegation seems to have been designed
to afford Behlow some standing as a partner. It is, of
course, insufficient for that purpose, for, admittedly, the
title to the stock is in Fischer, and Behlow's action is
for rescission and recovery of it. Behlow does not ask
for a dissolution of the partnership, since his *status* as
a partner was lost by the sale of his stock as decided on

he former appeal. His prayer is for a decree of rescis-
çion, and a restoration to him of the stock which he
alleges he was induced to part with through fraud. In
short, as this court had decided that his cause of action
could not be considered and decided in the bill for a dis-
solution of copartnership, since he was no longer a part-
ner, he undertakes by intervening to have the same
causes of action passed upon. The complaint is still
an action for a dissolution of a copartnership. The in-
tervention is nothing but an action for rescission of
executed contracts of sale, and for a recovery of the
stock sold. Whether or not after a decree of rescission
Behlow would be re-established as a " partner " it is
not necessary here to consider. As the term "partner-
ship " is understood in the law, it is certainly novel to
consider a copartnership wherein one's interest is much
or little, as he buys or sells stock of a corporation—
where one ceases to be a partner by selling all his stock
and immediately takes on the character again if he
purchases new shares; where with sixty thousand shares
there may be sixty thousand partners one day and two
the next. But these considerations need not be dis-
cussed, for, whether Behlow parted with his partnership
interest advisedly or not, by his own pleading he did
part with it, and cannot join in an action for the dis-
solution of a copartnership of which he has ceased to
be a member. (*Behlow* v. *Fischer, supra.*)

His complaint in intervention was, therefore, properly
dismissed. He neither joins the plaintiff in claiming
what is sought by the complaint, nor the defendant in
resisting the demands of the complaint, nor is he op-
posed to both. He merely pleads an individual cause
of action in his own right against defendant.
Fischer. If, as to the nineteen thousand two hundred
shares issued to him, and by him transferred to Fischer,
he should intervene against the demand of the com-
plaint that this stock belongs to the partnership, and
join with Fischer in asserting the legality of its issue,
he would, as to this matter and to this extent at least,

unite with defendant in resisting the claim of plaintiffs. This he does not do. His claim in that regard is to recover the property from Fischer, not for the partnership, but for himself—a matter with which the plaintiffs have no concern.

For the reasons given in *Loftus* v. *Fisher*, 113 Cal. 286, the motion to allow the costs of the clerk's certification is denied.

The judgment appealed from is affirmed.

McFarland, J., and Temple, J., concurred.

Hearing in Bank denied.

136:85 Fed 32

114 136
117 363
118 599

114 136
122 542

114 136
f126 37

114 136
127 625
127 667

114 136
a128 668

114 136
134 57
134 212
134 253
134 299

114 136
138 126
138 133

114 136
140 487
140 489
140 490

114 136
144 388

114 136
147 334
147 562

114 136
148 267
148 743
148 749