[Civ. No. 1674.   Third Appellate District.—October 16, 1917.]

## J. B. CURTIN, Appellant, v. BLACK OAK DEVELOPMENT COMPANY (a Corporation), Respondent.

APPEAL—JUDGMENT—STATEMENT OF JUDGE IN ORAL DECISION—RECORD. On an appeal from a judgment, a statement of facts made by the trial judge in rendering his oral decision, although printed in the appellant's brief, cannot be treated as forming any part of the record, nor used to supply findings or to influence the judgment in any way.

ID.—FINDINGS TO SUPPORT JUDGMENT — PRESUMPTION. — On an appeal from a judgment the appellate court must presume that the trial judge found every fact warranted by the evidence which is necessary to support the judgment.

ID.—RECOVERY OF MONEY DISBURSED BY ATTORNEY—KNOWLEDGE OF DEFENDANT—EVIDENCE.—In this action by an attorney acting as a disbursing agent of certain funds, and who claimed that he made the payment in question out of his own funds with the knowledge and acquiescence of the president of the corporation defendant, it is held the evidence was sufficient to warrant a finding that such president had no knowledge of the payment until suit was brought.

APPEAL from a judgment of the Superior Court of Tuolumne County.   G. W. Nicol, Judge.

The facts are stated in the opinion of the court.

C. H. Grayson, for Appellant.

Oliver B. Wyman, for Respondent.

CHIPMAN, P. J.—Plaintiff commenced the action to recover from defendant the sum of five hundred dollars alleged to have been "advanced and loaned to defendant by plaintiff for its use and benefit."

The cause was tried by the court and defendant had judgment for its costs. Findings of fact were waived by the respective parties. Plaintiff appeals from the judgment and has brought up the record of the evidence taken at the trial.

The following facts appeared: On December 6, 1907, the owners of the Black Oak group of mines in Tuolumne County agreed to sell the same to one S. A. Knapp for two hundred and two thousand five hundred dollars, to be paid before April 6, 1911, and among the conditions of the agreement was one which provided for the payment out of the purchase price, of all debts of the owners. On December 5, 1910, Charles E. Knox, now president of defendant corporation, obtained from said owners an extension until April 6, 1913, to pay said purchase price. The Black Oak Development Company was formed with Charles E. Knox as its president. On April 3, 1913, respondent paid into The First National Bank of Sonora the purchase price and a sum additional to pay the assumed interest covering the two years' extension period, the amount paid being two hundred and twenty-seven thousand five hundred dollars. Appellant was made disbursing agent of these funds.

On August 17, 1906, the owners of the Black Oak group of mines in Tuolumne County executed to Hales & Symons, a corporation, a mortgage on said mines for ten thousand dollars and on the same day Thomas A. Fisher, who, at that time, had two mortgages on the same property, assigned both mortgages to said Hales & Symons as additional security for said loan, as he, Fisher, had signed the note to Hales & Symons for the owners of said mines. Hales & Symons afterward transferred these three mortgages to one G. B. Wilson of Philadelphia; said G. B. Wilson died and these three mortgages were transferred by his heirs to his son, G. B. Wilson, Jr., and on October 9, 1912, said G. B. Wilson, Jr., transferred these three mortgages to Black Oak Development Company, respondent herein.

Hales & Symons, while it held said three mortgages, employed F. P. Otis, an attorney at law, to bring, and he did bring, suit in the superior court of Tuolumne County to fore-

close the same, which suit was still pending during all the period the different assignments of these mortgages were made. In fact, these foreclosure suits were not settled until May, 1914. On March 18, 1913, said F. P. Otis served a demand on appellant and said bank, claiming $805.70 as attorney's fees for bringing said foreclosure actions. Appellant is an attorney at law and was representing all the parties, including Black Oak Development Company as its attorney. Charles E. Knox was the president of Black Oak Development Company and the payment of the five hundred dollars here in question was made by appellant, as he alleged in his complaint, as an advance and loan to respondent.

The plaintiff testified that he and Mr. Knox met in the directors' room of the First National Bank of Sonora for the purpose of examining and passing upon the various claims of creditors of the owners of said property. That among others was the claim of Mr. Otis for attorney's fees in the matter of bringing the foreclosure actions above referred to. He testified that he and Mr. Knox discussed the matter and they were both of the opinion that the claim was too much and should be reduced, and witness informed Mr. Knox that he would fight it out with Mr. Otis; that he would do the best he could to get it reduced. He testified that upon completing the business for the day, and after Mr. Knox had said to him, "See what you can do; see if you can't get it cut down,"—referring to Mr. Otis' claim—they left the directors' room and going out into the front part of the bank met Mr. Otis. The plaintiff had wrapped up his check-book which he used to draw on the purchase price fund, and also the papers he had used in the directors' room preparatory to leaving for Sacramento. Upon meeting Mr. Otis after going out of the directors' room, Mr. Knox standing by but taking no part in the conversation, Mr. Otis again demanded his fee, and thereupon plaintiff stated that it was too much, but said substantially, "Otis, if you will reduce your fee to five hundred dollars, I will pay it now." Otis agreed to the proposition and plaintiff thereupon drew his check against his personal account for five hundred dollars, gave it to Mr. Otis, and took his receipt for the same. Plaintiff testified that several times afterward he called the attention of Mr. Knox to the matter, who promised that it would be adjusted.

It seems to be conceded that Mr. Curtin might properly have drawn the check against the funds in the bank for the payment of various creditors of the owners.

Mr. Knox testified that the first time he saw the demand of Mr. Otis for the attorney's fee was when he was served with the complaint in this action, and he further testified that he had never promised to pay or reimburse plaintiff for any attorney's fee paid Mr. Otis on the basis of Otis' written demand, and that he had no authority on behalf of the Black Oak Development Company to enter into an agreement with plaintiff to pay Mr. Otis any "claim against the purchase price of the Black Oak mines," and that he did not know Mr. Otis personally and had no recollection of ever having seen him.

Plaintiff has stated in his brief what is claimed to be a summing up of the evidence by the court in rendering its oral decision in the case in which the court is said to have stated that plaintiff "acted in good faith and did what he thought was for the interest of Black Oak Development Company to do," adding: "I do not think, however, the mere request from Mr. Knox to try and get a reduction of the amount claimed by Mr. Otis was an authorization or direction to Mr. Curtin to pay this amount out of his own funds. I am of the opinion that this was a voluntary payment and cannot be recovered back. There was plenty of money in the bank, which was paid over as the purchase price of the mines, and out of which Mr. Otis could have been paid then. The fact that Mr. Curtin was in a hurry to get to Sacramento did not justify him to pay this demand out of his own funds, and I cannot see that he is entitled to recover it back in this action. It was a voluntary payment and defendant declines to pay it, and I think its position is correct and judgment will be entered for defendant."

By the statement of facts purported to have been made by the trial judge, printed in appellant's brief, appellant's testimony as to what occurred in the directors' room and upon meeting Mr. Otis in the bank seems to have been accepted by the court as true, and had the court made findings to the same effect, we think a conclusion of law might well have been drawn different from that which was reached by the court. But no such or any findings of fact were made and the record nowhere discloses the view the court took of the evidence. Had the statement printed in appellant's brief found its way

into the record, it could not here be treated as forming any part of it; nor can it be used to supply findings or to influence the judgment in any way. (*People* v. *Quong Sing*, 20 Cal. App. 26, 33, [127 Pac. 1052].)

This court must presume that the trial judge found every fact warranted by the evidence which is necessary to support the judgment. Certain facts and circumstances appeared not above shown which had more or less bearing upon the issues. But upon the important facts immediately connected with the payment by plaintiff of the Otis claim and explanatory of the circumstances under which it was made, the evidence is conflicting, and the court would have been warranted in finding that Mr. Knox knew nothing about plaintiff's having paid Mr. Otis out of his own funds until this suit was brought. Not only will error never be presumed, but every presumption will be indulged in favor of upholding the judgment. (*Bliss* v. *Sneath,* 119 Cal. 526, 529, [51 Pac. 848].)

We cannot say that there was not sufficient evidence to support every finding necessary to support the judgment.

The judgment is therefore affirmed.

Hart, J., and Burnett, J., concurred.