Filed 5/31/18

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| ROSA JENSEN, | |
| Plaintiff and Appellant, | E067002 |
| v. | (Super.Ct.No. RIC1512850) |
| THE HOME DEPOT, INC., et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of Riverside County. John W. Vineyard, Judge. Reversed.

Law Offices of Maryann P. Gallagher and Maryann P. Gallagher for Plaintiff and Appellant.

Ogletree, Deakins, Nash, Smoak & Stewart, Michael J. Sexton and James T. Conley for Defendants and Respondents.

In a first amended complaint, Rosa Jensen and Linda Kerr sued their former employer, The Home Depot, Inc., (Home Depot),[1] and their former managers at Home Depot for disability discrimination, wrongful termination, and eight other related claims. Home Depot and the managers (collectively, defendants) demurred to the first amended complaint arguing misjoinder of Jensen and Kerr (collectively, plaintiffs). (Code Civ. Proc. § 430.10, subd. (d).)[2] The trial court sustained the demurrer without leave to amend, and dismissed plaintiffs' lawsuit with prejudice. Jensen contends the trial court erred by dismissing her lawsuit because the court could have ordered severance (§ 379.5). We reverse the judgment of dismissal with directions.

### FACTUAL AND PROCEDURAL HISTORY

A.     ORIGINAL COMPLAINT

In plaintiffs' original complaint, they brought 10 causes of action related to disability discrimination and wrongful termination. Jensen asserted she worked for Home Depot as a project coordinator and telephone sales associate. In July 2010, Jensen was injured at work when a customer pushed open a bathroom door striking Jensen's shoulder, elbow, and wrist. Theresa Meza was the store manager and Karen Abraham was the human resources manager. After Jensen's injury and medical leave, Jensen asked for an accommodation so as to resume work. Meza, Abraham, and Home

---

[1] Home Depot U.S.A., Inc., Theresa Meza, Karen Abraham and Jen Greenman were also named.

[2] All subsequent statutory references will be to the Code of Civil Procedure unless otherwise indicated.

2

Depot did not permit Jensen to resume work. In November 2013, Abraham informed Jensen that Jensen's employment was terminated.

Kerr worked as a cashier for Home Depot. On April 3, 2013, Kerr was in pain due to two abscessed teeth and a tumor in her "mouth and neck area." On April 3, Kerr's doctor gave her an off-work note. Kerr was scheduled to work a four-hour shift on April 3, but had only two hours of sick leave. Kerr gave Meza her doctor's note and requested the day off. Meza denied Kerr's request. Kerr gave her immediate supervisor, Jen Greenman, the doctor's note and requested the day off. Greenman also denied Kerr's request because Kerr did not have sufficient sick leave. Kerr did not work her shift on April 3. On April 6, Kerr's employment was terminated due to attendance violations. Prior to April 3, Kerr had two attendance violations that occurred during her nine years of employment.

B.    ORIGINAL DEMURRER

Defendants demurred to the complaint arguing misjoinder of plaintiffs. (§ 430.10, subd. (d).) Defendants asserted plaintiffs' claims did not arise out of a single transaction or single series of transactions, nor did the claims raise common issues of law or fact. In the caption of the document, defendants titled the document "Demurrer of defendants . . . or, in the alternative, motion to . . . sever." Although listed in the caption, there does not appear to be a motion to sever included in the document.

3

C.    OPPOSITION TO THE ORIGINAL DEMURRER

Plaintiffs opposed the demurrer.  Plaintiffs argued their claims were properly joined because they were both suing defendants for disability discrimination.  Plaintiffs asserted their claims raised common issues of law and fact.

D.    RULING ON THE ORIGINAL DEMURRER

The trial court gave a tentative ruling sustaining the demurrer without leave to amend.  Plaintiffs filed a late request for oral argument.  Due to the untimely request, the trial court permitted oral argument only on the issue of leave to amend because the trial court had not been given notice of the oral argument request in time to prepare for a broader argument.

Plaintiffs requested leave to amend their complaint.  Plaintiffs asserted they would demonstrate that the same legal issues were being raised by both plaintiffs and that discovery would be identical because their cases concerned a pattern of conduct by Home Depot in relation to employees with disabilities; the pattern being terminating the employment of employees with disabilities.

The trial court explained that Kerr did not have a disability; rather, she missed a single day of work.  Plaintiffs explained that Kerr had asked for time-off on a prior occasion due to a health issue.  Plaintiffs then argued that Home Depot had a pattern of not accommodating people with disabilities.

Home Depot argued, "[T]he events occurred at different times, . . . they occurred for different reasons, . . . the nature of the claims are distinctly different.  [¶]  . . . I'm hearing that she wants to . . . amend to allege some sort of class action with two

4

plaintiffs, which isn't really something that can happen." The trial court sustained the demurrer, but granted leave to amend.

### E.    FIRST AMENDED COMPLAINT

Plaintiffs filed a first amended complaint (FAC). In the FAC, plaintiffs again presented the allegations concerning Jensen's injury, Jensen's termination, Kerr's request to not work on April 3, 2013, and Kerr's termination. Plaintiffs also set forth common allegations such as (1) they worked at the same store, (2) they both worked at the store in 2013, (3) they both suffered from medical issues, (4) they both told Meza that they needed an accommodation or leave due to medical issues, and (5) they were both terminated by Home Depot.

### F.    DEMURRER TO THE FAC

Defendants demurred to the FAC. Defendants asserted plaintiffs were not properly joined because they were not asserting a right to relief due to the same transaction, and their claims did not present common issues of fact or law. (§§ 378, subd. (a)(1), 430.10, subd. (d).) Defendants asserted that an allegation of a " 'pattern and practice' " does not cause alleged violations to arise from the same transaction. Defendants requested the trial court sustain the demurrer without leave to amend.

### G.    RULING

Plaintiffs did not submit a written opposition to the demurrer. The trial court's tentative ruling was to sustain the demurrer without leave to amend. In the tentative ruling, the trial court explained, "Plaintiff has neither corrected the defects, nor filed an opposition to this demurrer, indicating either an inability or unwillingness to amend the

pleadings to conform to the Court's prior demurrer ruling." None of the parties requested oral argument.

On August 4, 2016, the following items were calendared in the case: a case management conference, the demurrer, and an order to show cause. In regard to the demurrer, plaintiffs' counsel said, "My only question is whether or not the Court received our opposition." The trial court explained that no opposition had been filed. Defendants' counsel said that no opposition had been served.

The trial court said, "[T]here has been very little amendment to address the issues in the first demurrer and there was no opposition to explain how it could be amended at this point. Without a request for oral argument, I will not accept oral argument today. We went through a version of this with the first demurrer. [¶] The demurrer is sustained without leave to amend."

## H. DISMISSAL

Home Depot requested plaintiffs' case be dismissed with prejudice due to the trial court having sustained the demurrer without leave to amend. The trial court entered a judgment dismissing the case with prejudice.

## I. SETTLEMENT

Plaintiffs' notice of appeal was filed on October 4, 2016. On March 7, 2017, Kerr requested that she be dismissed as a party to this appeal. This court granted Kerr's request.

6

**DISCUSSION**

A. <u>SEVERANCE</u>

Jensen contends that she did not oppose the demurrer to the FAC because she believed the remedy for the sustained demurrer would be severance—not dismissal. (§ 379.5.) Jensen contends the trial court erred by dismissing the case because the court could have ordered severance. (§ 379.5.)

"It is an abuse of the trial court's discretion to sustain a demurrer without leave to amend if there is a reasonable possibility the plaintiff can amend the complaint to allege any cause of action." (*Smith v. State Farm Mutual Automobile Ins. Co.* (2001) 93 Cal.App.4th 700, 711 (*Smith*).) It is the plaintiff's "burden to establish how the complaint can be amended to state a valid cause of action." (*Sanowicz v. Bacal* (2015) 234 Cal.App.4th 1027, 1044.) A request for leave to amend may be made for the first time on appeal. (§ 472c, subd. (a); *Smith*, at p. 711.)

At the trial court, plaintiffs made no showing as to how they would amend their complaint to fix the misjoinder issue. Accordingly, the trial court acted reasonably in sustaining the demurrer without leave to amend because plaintiffs failed to meet their burden.

For the first time on appeal (§ 472c, subd. (a) [leave to amend may be requested for the first time on appeal]; *Smith*, *supra*, 93 Cal.App.4th at p. 711 [same]), plaintiffs have fixed the misjoinder issue by dismissing Kerr (see § 473(a)(1) [pleading may be amended by removing a party]; see also *SC Manufactured Homes, Inc. v. Canyon View Estates, Inc.* (2007) 148 Cal.App.4th 663, 671 [plaintiff dismissed multiple defendants

7

to remedy misjoinder]).  Because the misjoinder issue has been fixed, the case may proceed.

We will reverse the judgment of dismissal and will direct the trial court to vacate its order denying leave to amend (1) as it pertains to Jensen, and (2) as to the first through seventh causes of action.  The eighth and tenth causes of action pertained only to Kerr and therefore are no longer relevant.  The ninth cause of action concerned intentional infliction of emotional distress.  The trial court sustained the demurrer on the ninth cause of action due to the court's conclusion that workers' compensation is the exclusive remedy—it was not part of the misjoinder analysis—and Jensen has not appealed that issue.

B.     DISMISSAL

Defendants request this court dismiss the appeal because the misjoinder issue is moot due to Kerr being dismissed.  Defendants assert it would be an academic discussion for this court to analyze misjoinder when there are no longer joined parties.

The issue that is moot is whether the trial court erred by finding the plaintiffs were improperly joined; that issue relates to the sustaining of the demurrer.  (See *Lockaway Storage v. County of Alameda* (2013) 216 Cal.App.4th 161, 175 [issue is moot if events render it impossible for the appellate court to grant effective relief].)  However, Jensen did not raise that issue.  On appeal, Jensen asserted the trial court erred in its remedy for misjoined parties, by denying leave to amend and dismissing rather than severing.  The issue raised by Jensen is not moot.  As explained *ante*, the dismissal of Kerr fixes the misjoinder issue and permits the case to proceed.  (See *SC*

8

*Manufactured Homes, Inc. v. Canyon View Estates, Inc.*, *supra*, 148 Cal.App.4th at p. 671 [plaintiff dismissed multiple defendants to remedy misjoinder]; see also *Loftus v. Fischer* (1896) 114 Cal. 131, 133 [misjoined party omitted from amended pleading].) Accordingly, we deny defendants' request for dismissal of the appeal.

## DISPOSITION

The judgment of dismissal, as it pertains to Jensen, is reversed. The trial court is directed to enter an order vacating its order denying leave to amend as to the first through seventh causes of action, and enter an order granting leave to amend. The trial court is directed to deem the first amended complaint to have been amended due to the dismissal of Kerr by this court. Jensen is awarded her costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1).)

CERTIFIED FOR PUBLICATION

MILLER _____
                                                                     J.

We concur:

RAMIREZ _____
                      P. J.

McKINSTER _____
                      J.