Filed 3/14/22  Peters v. City of Beaumont CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| CHARLES PETERS, | |
| Plaintiff and Appellant, | E075845 |
| v. | (Super.Ct.No. RIC1707116) |
| CITY OF BEAUMONT, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Irma Poole Asberry, Judge.  Affirmed.

Charles Peters, in pro. per.; Law Offices of Joe Estrada and Joe Estrada, for Plaintiff and Appellant.

Slovak Baron Empey Murphy & Pinkney, Shaun M. Murphy and Brent S. Clemmer for Defendant and Respondent.

Plaintiff and appellant Charles Peters (Peters) appeals the sustaining of the demurrer in favor of defendant and respondent City of Beaumont (City).  Peters owned a mobile home park in the City called Pioneer Mobile Village (Pioneer Village).  In 2011,

1

the City denied Peters an operating permit for Pioneer Village. In addition, the City adopted an emergency resolution pursuant to Government Code section 8558, subdivision (c), allowing for the collection of utility payments directly from Pioneer Village residents when it was discovered Peters was not paying the water utility and the water had been cut off. In 2016, Peters filed his first complaint. He subsequently filed his Third Amended Complaint (TAC) which had causes of action against the City for inverse condemnation; unlawful taking of property under color of state law pursuant to 42 United States Code section 1983; deceit/false promises; injunctive relief; and declaratory relief. The trial court granted the City's demurrer to the TAC for the above causes of action without leave to amend and dismissed the City.

On appeal, Peters makes several claims, including that (1) the trial court had no valid reason for refusing to enter default against the City on June 12, 2017, for failing to answer the complaint; (2) the trial court had no valid reason for refusing to file his request for entry of default against the City on October 31, 2019; (3) the trial court erred when it permitted the City to file one demurrer to several causes of action while denying him the right to file separate oppositions to each one; (4) the trial court erred when it considered a ground of demurrer that was prohibited by Code of Civil Procedure section 430.41, subdivision (b); (5) the trial court erroneously dismissed the inverse condemnation and takings causes of action; and (6) the deceit/false promises cause of action could be amended to state a claim of relief against the City.

**FACTUAL AND PROCEDURAL HISTORY**

Peters was the owner of Pioneer Village, a mobile home park in the City. Starting in 2000, he was issued operating permits by the State of California's Department of Housing and Community Development. In 2009 or 2010, the City began issuing permits pursuant to Health and Safety Code section 18207. In 2011, the City refused to reissue him an operating permit. Peters was harmed by the inability to collect rent from residents. In addition, in 2012 the City discovered that Peters was not paying the bills from Beaumont Cherry Valley Water District (Water District) and that water had been cut off to the Pioneer Village residents. The City adopted an emergency resolution pursuant to Government Code section 8558, subdivision (c), providing for the residents to pay their water bill into a special fund that would be given directly to the Water District rather than paid to Peters.

A.    INITIAL COMPLAINT, FIRST AND SECOND AMENDED
      COMPLAINTS

On June 29, 2016, Peters filed a complaint for damages in Los Angeles County raising 35 causes of action including breach of contract, discrimination, fraud and interference with prospective economic relations. He named the City, Keith Hightower (a City employee), and several other employees of the City. The complaint was served on Hightower "as an individual defendant" on July 15, 2016.

On August 16, 2016, the City brought a motion to change venue to Riverside County. The motion to change venue was granted on March 7, 2017.

Peters filed a First Amended Complaint (FAC) on March 12, 2018 in Riverside County. He alleged 18 causes of action including interference with contractual relations, conspiracy, trespass, loss of profits, an unconstitutional taking and discrimination. He named the City, Hightower and several other City employees.

On September 18, 2019, the City filed a Motion to Dismiss based on Peters failure to serve the City with the summons and complaint within three years of the commencement of the action as required by Code of Civil Procedure section 583.210, subdivision (a). The City argued that Peters commenced the action on June 29, 2016, but first served the City on August 20, 2019, more than three years after the commencement of the action. The action against the City must be dismissed. On October 31, 2019, Peters filed opposition to the City's motion to dismiss. He insisted that the City had generally appeared in the case despite not being served. The City filed a reply that they were only "specially appearing" and that they were not properly served within the three years. The trial court denied the motion to dismiss.

On October 28, 2019, Peters filed his Second Amended Complaint (SAC) bringing 18 causes of action like those raised in the FAC. He named the City, Hightower and several other City employees. The trial court ordered that the City was to reply to the SAC by December 4, 2019.

The City filed a demurrer to the SAC. The City alleged that the original complaint and FAC had been dismissed by the trial court. The City noted that only seven of the causes of action in the SAC applied to it and that these seven causes of action were barred by the statute of limitations, and were not sufficient to state facts sufficient to support an action against the City.

Peters filed several oppositions to the demurrer to the SAC between February 21, 2020, and February 26, 2020, addressing each cause of action. The City filed responses to all of the oppositions. The City argued that the filing of several oppositions was improper. The trial court should grant the demurrer without leave to amend. On March 6, 2020, the City's demurrer to the SAC was sustained with 20 days leave to amend.

B.    THIRD AMENDED COMPLAINT

Peters filed the TAC on June 1, 2020. He named the City, the Water District and several City employees. He alleged 19 causes of action but only the 9th, 13th, 14th, 15th, 16th, 17th, 18th and 19th causes of action applied to the City.

As for the 9th cause of action for inverse condemnation, Peters alleged that the City had improperly adopted a resolution of emergency on October 2, 2012, setting up a fund for residents to pay their share of the water bill and the City would directly pay for water services to the Water District. Peters insisted he had a property interest in the payments. The acts continued because he was still not in charge of the water bills so the statute of limitations had not run. He further argued that governmental immunity did not apply to inverse condemnation. Peters sought injunctive relief.

5

The 13th cause of action alleged an unconstitutional taking of property under color of state law, a 42 United States Code section 1983 action. This was based on the City refusing to grant him an operating permit. This was a loss of a property interest; he could not derive income from the property. The refusal to issue a permit was a taking under the Fifth Amendment. The City did not have immunity. The statute of limitations did not apply because it was a continuing tort.

The 14th cause of action was for the tort of deceit/false promises. Peters alleged employees of the City repeatedly advised Peters that they would send him a renewal application for an operating permit, and if he completed it, they would issue a permit. The City never sent him the application. He also alleged he thought there was an oral contract to operate between 2011 to 2015 based on the promise to renew his operating license. Peters estimated he had lost rents in the amount of 2.8 million.

The 15th cause of action alleged breach of a written contract. This involved a settlement agreement between the City and Peters, which was effective in 2002. He alleged there was a lawsuit but the City had dismissed it on December 2, 2003. The City never performed its obligations under the agreement.

As for the 16th and 17th causes of action, Peters stated they had been dismissed. The 18th cause of action alleged injunctive relief. The 19th cause of action alleged declaratory relief within the meaning of Code of Civil Procedure section 1060. Peters alleged a judicial declaration was necessary so the parties may ascertain their rights in this controversy.

6

## C.   DEMURRER TO TAC

The City filed a demurrer to the TAC.[1]  The City alleged that the Mobile Home Parks Act (Health and Saf. Code, § 18200 et. seq.) was enacted to assure the protection, safety and general welfare of mobile home park residents.  The City alleged that Peters collected money from residents for water service, but failed to pay the Water District for the water.  Water service to Pioneer Village was terminated on September 12, 2012.  Pursuant to the California Emergency Services Act, on October 12, 2012, the City established a special fund to which residents could pay their water bill and the City directly paid the Water District.

The City demurred to the 9th cause of action for inverse condemnation on the basis that it was barred by the statute of limitations under Government Code section 945.8, the City had immunity under Government Code section 8655, and Peters could not allege a protectable property interest to support an inverse condemnation claim.  This cause of action was based on the City collecting the utility payments for the water bills.  The City contended that Peters had no protectable property interest in the utility payments.  These were not rent payments but rather a "utility passthrough."  Moreover, the claim was barred due to immunity of the City pursuant to Government Code section 8665 for emergency actions.  The City also alleged the claim was barred by the statute of limitations.

---

[1]  On June 25, 2020, Peters brought an ex parte motion complaining that the City had filed one demurrer to several causes of action.  The trial court advised Peters that the City was required to file one demurrer.

7

The City contended the 13th cause of action for unconstitutional taking of property was barred by the statute of limitations. Peters had no property interest in a renewable permit. The City interpreted the claim as based on the City refusing to issue a permit to operate beginning in 2011. Peters was not entitled to have the permit issued. Peters failed to allege that he had submitted an application and appropriate fees. Further, the claim was barred by the statute of limitations. Even if he alleged a Fifth Amendment taking under 48 United States Code section 1983, he had two years to bring the action. Additionally, the City had immunity pursuant to Government Code section 818.4.

The 14th cause of action, for tort of deceit, was barred based on immunity under Government Code section 818.8, for failure to timely file a tort claim pursuant to Government Code section 911.2, and it was barred by the statute of limitations. The City argued it was immune from liability for misrepresentations by its employees.

The 15th cause of action was barred by failure to file a timely tort claim (Gov. Code, § 911.2) and barred by collateral estoppel/res judicata. This cause of action pertained to a settlement agreement entered into between the City and Peters in 2003. Peters failed to file a timely tort claim within the one-year statute of limitations. Further, the issue was res judicata as the claim had been litigated in the City's favor in 2007.

The 16th cause of action, failure to accommodate, did not state facts sufficient to support a cause of action against the City. Further, Peters had previously agreed to dismiss the claim. The 17th cause of action for discrimination did not state facts sufficient to support a cause of action against the City. The 18th cause of action for "injunctive relief" was a remedy and not a cause of action. The cause of action was

8

uncertain, ambiguous and unintelligible within the meaning of Code of Civil Procedure section 430.10, subdivision (f). Finally, the 19th cause of action for declaratory relief did not state facts sufficient to support a cause of action against the City and was not necessary or proper.

The City also made a request for judicial notice of the litigation in 2003. They also sought judicial notice of the emergency resolution adopted on October 2, 2012. The emergency resolution was brought due to a local emergency pursuant to Government Code sections 8558, subdivision (c) and 8630. The resolution provided that Peters had failed to pay the water bill for Pioneer Village resulting in water service being shut off for residents. A special fund was created to pay the Water District.

On June 22, 2020, Peters filed a request for dismissal of the 15th cause of action against the City. The request was granted. Peters filed a motion to strike the demurrer to the TAC in its entirety. Peters contended the motion was brought because City did not follow State rules in filing the demurrer. It had to file a separate demurrer for each cause of action. The City filed opposition arguing the City was entitled to file one demurrer as to all of the causes of action.

D.    OPPOSITION TO THE DEMURRER

On June 25, 2020, Peters filed his opposition to the City's demurrer. He agreed the 15th cause of action had been dismissed. Peters first addressed the City's demurrer to the 9th cause of action. Peters insisted that he had shown a protectable property interest. Additionally, immunity of Government Code section 8655 did not apply. Further, the 9th cause of action was not barred by the statute of limitations. Peters also opposed the

9

demurrer on the 13th cause of action. He had a vested property right in operating a mobile home park. Additionally, the demurrer to the 14th cause of action should not be sustained because the City did not have governmental immunity. Peters also alleged the cause of action could be amended to address concerns of the City by repleading it as a federal civil rights cause of action. He provided no further argument how his claim could be brought as a civil rights cause of action. Peters alleged that he had a "lack of time" to address the 18th and 19th causes of action.

### E. REPLY TO OPPOSITION TO DEMURRER

The City filed a reply to the opposition to the demurrer on June 30, 2020. Initially, it argued that Peters opposition was untimely pursuant to Code of Civil Procedure section 1005. Further, Peters had filed no opposition to the demurrer in regards to the 15th, 16th, 17th, 18th and 19th causes of action. Peters's claims on the 9th, 13th and 14th causes of action failed on their merits.

### F. TRIAL COURT RULING

On July 8, 2020, the trial court provided a tentative ruling on the City's demurrer. It tentatively ruled that it would grant the demurrer on the 9th, 13th, 14th, 18th and 19th causes of action for failure to state sufficient facts, without leave to amend. The trial court noted that Peters had already dismissed the 15th, 16th and 17th causes of action.

The trial court found as to the 9th cause of action, that it was a claim for inverse condemnation. The claim was based on an intangible intrusion onto Peters's property, which placed a burden on the property that was direct, substantial and peculiar to the property itself. The trial court noted that Peters, in order to establish this claim, must

10

show a protectable property interest, there was a taking of the property, and the taking was for a public purpose. Peters had failed to show he had a right to collect the water payments or that this hurt his property as he was not entitled to keep the water funds.

The trial court ruled as to the 13th cause of action that Peters did not have a vested property right in the issuance of an operating permit. The trial court also concluded the claim was barred by the statute of limitations as the denial of the permit occurred in 2011. The statute of limitations was two years pursuant to Code of Civil Procedure section 335.1. Peters had to file suit by 2013 but did not file until 2016.

The 14th cause of action for fraud did not plead with specificity what statements were made, when they were made, or what authority the employee had to bind the corporation. Further, the City had immunity under Government Code section 818.8. The 15th, 16th and 17th causes of action had been dismissed. The 18th cause of action was a remedy, not an allegation. The 19th cause of action for declaratory relief was insufficient as it was applied prospectively and not to address past wrongs. The trial court granted the City's request for judicial notice.

Oral argument was heard on July 8, 2020. Peters repeatedly stated that the tentative ruling did not address his arguments. The trial court sustained the demurrer on the 9th, 13th, 14th, 18th and 19th causes of action for failure to state sufficient facts, without leave to amend. The 15th, 16th and 17th causes of action had already been dismissed by Peters. The trial court found the motion to strike the City's demurrer moot and failed on its merits.

11

Notice of entry of the order sustaining the demurrer was filed on July 10, 2020, and dismissal of the City from the TAC was filed the same day. On August 19, 2020, Peters filed a motion for relief of dismissal of all of the claims dismissed against the City. The City filed opposition on September 1, 2020. The City contended it was an improper and untimely motion for reconsideration. Peters attempted to file a fourth amended complaint on September 2, 2020, but it was stricken. The motion for relief was denied by the trial court after a hearing. Notice of ruling was filed on September 25, 2020. Peters filed his notice of appeal on September 28, 2020.

**DISCUSSION**

A.      ISSUES RAISED OTHER THAN THE MERITS

Peters addresses matters that occurred prior to the granting of the demurrer and entry of judgment dismissing the City. First, he insists that in 2017 and 2019, the clerk of the Riverside Superior Court twice improperly rejected his requests for default based on the City not responding to the operative complaint. He further contends that the trial court should not have allowed the City to file its demurrer in one pleading; the trial court should have required a separate demurrer for each cause of action allowing him the opportunity to file a separate response to each cause of action. Further, the trial court erred by considering a grounds for demurrer that was prohibited by Code of Civil Procedure section 430.41, subdivision (b).

"The existence of an appealable judgment is a jurisdictional prerequisite to an appeal. A reviewing court must raise the issue on its own initiative whenever a doubt exists as to whether the trial court has entered a final judgment or other order or judgment

12

made appealable by Code of Civil Procedure section 904.1." (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126-127.) " '[W]hen an appeal is taken pursuant to section 904.1, the reviewing court may review "any intermediate ruling, proceeding, order or decision which involves the merits or necessarily affects the judgment or order appealed from or which substantially affects the rights of a party." ' " (*In re The Clergy Cases I* (2010) 188 Cal.App.4th 1224, 1233-1234.)

Additionally, " '[t]o prevail on appeal, an appellant must establish both error and prejudice from that error. [Citation.] In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record. Rather than scour the record unguided, we may decide that the appellant has forfeited a point urged on appeal when it is not supported by accurate citations to the record. [Citations.] Similarly, we may disregard conclusory arguments that are not supported by pertinent legal authority." (*Champir, LLC v. Fairbanks Ranch Assn.* (2021) 66 Cal.App.5th 583, 597 (*Champir*).)

Peters first raises claims that the clerk of the Riverside County Superior Court improperly denied his requests for entry of default based on his allegation that the City had not responded to his operative complaint. Peters filed his first complaint on June 29, 2016. On June 12, 2017, Peters filed a request for entry of default against the City in the Riverside County Superior Court apparently on the grounds that the City had not

13

responded. The request was denied by the clerk of the Riverside County Superior Court. Written on the denial was "Proof of service is missing for multiple defendants."[2]

Peters apparently raised the issue of another request for default on October 31, 2019, in his opposition to the City's motion to dismiss the complaint. Peters alleges he subsequently tried to file a request for entry of default but it was rejected by the clerk of the Riverside County Superior Court. In the register of actions, on November 8, 2019, there is a notation, "Returned Document: REQUEST FOR ENTRY OF DEFAULT submitted by CHARLES PETERS; DBA: PIONEER MOBILE VILLAGE. [¶] The court is unable to process the enclosed document(s) for the reason(s) indicated below: [¶] UNABLE TO ENTER DEFAULT AS TO CITY OF BEAUMONT, MOTION TO DISMISS FILED BY CITY OF BEAUMONT." We presume this is the complained-of rejection of Peters's request for entry of default.

Code of Civil Procedure section 904.1 does not include as grounds for appeal the rejection by the clerk of the superior court to file a document. Here, the clerk of the superior court found that the requests for entry of default by Peters should not be filed. This was not a judgment or interim order by the trial court. If Peters wanted to contest the rejection of his requests for default by the clerk of the superior court, Peters should have immediately brought a petition for writ of mandate (*see Voit v. Superior Court* (2011) 201 Cal.App.4th 1285, 1287-1288) or sought relief from the trial court compelling the clerk to file his requests for entry of default (see *Wolf v. Mulcrevy* (1917) 35 Cal.App.

---

[2] On July 27, 2017, Hightower filed an objection to the request for entry of default but it appears from the record the request had already been denied.

14

80, 81). He cannot now appeal the acts of the clerk of the superior court, taken several years prior to the final judgment.

Second, Peters appears to complain that the City was required to file separate demurrers to each cause of action in the TAC. He insists that he was prejudiced because he was limited to 15 pages to respond pursuant to California Rules of Court, rule 3.1113.[3] Peters's claim is convoluted and confusing. Peters refers to the motion to strike the demurrer and also that he had previously sought to respond by filing multiple responses. We need not spend considerable time attempting to determine Peters's arguments. It is this court's understanding that Peters contends the City had to file separate demurrers to each of the causes of action in the TAC, but he provides no legal authority for such proposition.

"A defendant may demur to a complaint within 30 days after its service." (*Skrbina v. Fleming Companies* (1996) 45 Cal.App.4th 1353, 1364.) Code of Civil Procedure section 430.50, subdivision (a) provides "A demurrer to a complaint or cross-complaint may be taken to the whole complaint or cross-complaint or to any of the causes of action stated therein." The plain language of the statute provides only one demurrer need be filed. Peters does not cite to any legal authority that supports his claim that the City had to file separate demurrers for each cause of action. As such, we can "disregard" his "conclusory arguments that are not supported be pertinent legal authority." (*Champir*, *supra*, 66 Cal.App.5th at p. 597.)

---

[3] California Rules of Court, rule 3.1113 (d) provides that a responding memorandum shall not exceed 15 pages.

15

Third, Peters contends the trial court misapplied Code of Civil Procedure section 430.41, subdivision (b).(AOB 52-57} Peters merely cites to Code of Civil Procedure section 430.41, subdivision (b)[4] as a jurisdictional bar to some of the City's claims based on the City raising grounds in the demurrer to the TAC that should have been raised in earlier demurrers.

In his argument, Peters fails to provide the facts supporting his claim. It is not clear which argument the City should have made in prior demurrers. At oral argument on the demurrer to the TAC, Peters contended that as to the demurrer to the inverse condemnation cause of action in the TAC, the claim could not be raised as it was not raised in the prior demurrers. This was a matter of jurisdiction that he did not have to raise in his opposition to the demurrer. However, Peters did not explicate what the City raised for the first time in the demurrer to the TAC that should have been previously raised. On appeal, Peters conclusively states that, "The trial court considered matters it ought not to have," but never specifies what the trial court considered, which should have been raised by the City in a prior demurrer.

Peters had the burden on appeal to affirmatively show error by citation to the record. It is not up to this court to "scour" the record to determine what arguments the City made in the prior demurrers and could not make in the demurrer to the TAC.

_____

[4] Code of Civil Procedure section 430.41, subdivision (b) provides "A party demurring to a pleading that has been amended after a demurrer to an earlier version of the pleading was sustained shall not demur to any portion of the amended complaint, cross-complaint, or answer on grounds that could have been raised by demurrer to the earlier version of the complaint, cross-complaint, or answer."

16

(*Champir*, *supra*, 66 Cal.App.5th at p. 597.)  Peters has failed to meet his burden on appeal of providing facts entitling him to relief as to this claim.

## B.     MERITS OF THE DEMURRER

Peters's remaining arguments appear to be to the merits of the demurrer to the 9th and 13th causes of action, but these arguments are not entirely clear.  Peters appears to argue that the trial court erred in sustaining the demurrer to the 9th cause of action for inverse condemnation by relying on improper authority and argument presented by the City.  He insists that the wrongful denial to a property owner of a permit or regulatory license under certain conditions will support a constitutional claim under 42 United States Code section 1983 and for inverse condemnation.  He additionally appears to claim that the trial court erred by sustaining the demurrer to the 13th cause of action both because he had a protectable property interest and the imposition of the statute of limitations did not commence until the end of the continuing course of conduct.[5]  Peters also appears to contend that the trial court ignored his claim that he could amend the 14th cause of action to state a federal civil rights cause of action.

" ' "On appeal from a judgment dismissing an action after sustaining a demurrer without leave to amend, the standard of review is well settled.  The reviewing court gives the complaint a reasonable interpretation, and treats the demurrer as admitting all

---

[5]  City also addresses the merits of the 18th and 19th causes of action but those were not raised by Peters on appeal.  Such argument were unnecessarily included in the City's brief.  Further, the City admits that Peters did not brief any arguments about the 14th cause of action but nonetheless provides argument that the demurrer was properly sustained.  Peters appears to only contend he should have been allowed to amend the 14th cause of action.

material facts properly pleaded. [Citations.] The court does not, however, assume the truth of contentions, deductions or conclusions of law. [Citation.] The judgment must be affirmed 'if any one of the several grounds of demurrer is well taken. [Citations.]' [Citation.] However, it is error for a trial court to sustain a demurrer when the plaintiff has stated a cause of action under any possible legal theory. [Citation.] And it is an abuse of discretion to sustain a demurrer without leave to amend if the plaintiff shows there is a reasonable possibility any defect identified by the defendant can be cured by amendment." ' " (*Smith v. BP Lubricants USA Inc.* (2021) 64 Cal.App.5th 138, 145; see also *Czajkowski v. Haskell & White, LLP* (2012) 208 Cal.App.4th 166, 173.)

Peters's arguments that appear to attack the trial court's decision on the 9th and 13th causes of action are mostly unintelligible. The 9th cause of action was based on a claim of inverse condemnation. Peters alleged in the TAC that the City filed a Resolution of Emergency on October 2, 2012, which authorized Peters's tenants to pay their water bills into a special fund rather than paying Peters directly. Peters stated the City passed the emergency resolution under the authority granted under Government Code section 8558, subdivision (c). He alleged that he would lose income pursuant to this resolution. He insisted that immunity did not apply. He sought to rescind the emergency resolution and allow him to collect utility payments from residents. The City was granted judicial notice of the resolution, which showed it was brought pursuant to Government Code section 8558, subdivision (c).

Regardless of the argument made by Peters, or the finding of the trial court in sustaining the demurrer,[6] Government Code section 8655 provides that "The state or its political subdivisions shall not be liable for any claim based upon the exercise or performance, or the failure to exercise or perform, a discretionary function or duty on the part of a state or local agency or any employee of the state or its political subdivisions in carrying out the provisions of this chapter." Here, the emergency resolution adopted by the City was pursuant to Government Code section 8558, subdivision (c), which provides in pertinent part " 'Local emergency' means the duly proclaimed existence of conditions of disaster or of extreme peril to the safety of persons and property within the territorial limits of a county, city and county, or city." The provisions, *ante*, are part of Chapter 7, the Emergency Services Act. "The purpose of the Act is self-explanatory. In situations in which the state must take steps necessary to quell an emergency, it must be able to act with speed and confidence, unhampered by fear of tort liability. A state of emergency imposes severe time constraints, forcing decisions to be made quickly and often without sufficient time to carefully analyze all potential repercussions. Therefore, the immunity granted by the Act is broad and specifically extended to encompass not only discretionary actions, but also the performance of or failure to perform those discretionary actions." (*Thousand Trails, Inc. v. California Reclamation Dist. No. 17* (2004) 124 Cal.App.4th

---

[6] " 'Since we review the trial court's action, and not its reasons therefor, we examine each cause of action to determine whether there are other grounds for sustaining the demurrer without leave to amend.' " (*Holcomb v. Wells Fargo Bank, N.A.* (2007) 155 Cal.App.4th 490, 495.)

19

450, 458.)  As such, the City has immunity for any claim based on their adoption of the emergency resolution to provide water to the residents of Pioneer Village.

Peters proclaims in the reply brief that the emergency resolution was void based on the failure to notify him.  However, he does not provide authority for the proposition that he had to be notified of the emergency resolution.

The 13th cause of action was based on the unlawful taking of property under the color of state law, a takings cause of action under 42 United States Code section 1983. Peters alleged the denial of an operating permit deprived him of his ability to exercise his property interest in the land.  Peters contends on appeal that his claim was not based on a protectable property interest in a license  or permit.  Accordingly, the trial court erred by relying on this theory in sustaining the City's demurrer.  Peters also argues that he was not relying on the issuance of a license to support his claim but then cites to *Breneric Associates v. Del Mar* (1998) 69 Cal.App.4th 166 to support his claim that wrongful denial of a permit or other regulatory license may be the basis for both an inverse condemnation and 42 United States Code section 1983 takings clause suit.  In the reply brief, he refers to the failure on behalf of the City to send him a renewal application as the property interest.  Peters fails on appeal to provide cogent argument as how his 13th cause of action stated a claim against the City. We need not consider it on appeal. (*Champir*, *supra*, 66 Cal.App.5th at p. 597.)

Finally, Peters appears to contend that the TAC could be amended to state a valid cause of action for the 14th cause of action.  The 14th cause of action was for the tort of deceit/false promises based on the City not sending him a renewal application.  Peters

20

asserts that in his opposition to the demurrer he contended that the 14th cause of action could be amended to state a civil rights cause of action but such contention was ignored by the trial court. On appeal, he provides no further factual or legal basis for such amendment to his fraud claim to state a civil rights cause of action. "It is the plaintiff's 'burden to establish how the complaint can be amended to state a valid cause of action.' " (*Jensen v. Home Depot, Inc.* (2018) 24 Cal.App.5th 92, 97.) Peters has failed to explicate how he would amend the 14th cause of action to support a civil rights action.

Based on the foregoing, the trial court did not abuse its discretion by dismissing the City from the TAC without leave to amend.

## DISPOSITION

We affirm the trial court's order granting City's demurrer to the TAC. Each party shall bear their own costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____
J.

We concur:

RAMIREZ _____
P. J.

RAPHAEL _____
J.

21